WISE v. ROTHSCHILD BROS.

1. **Practice in Supreme Court:** CAUSE CONSIDERED AS PRESENTED BY COUNSEL. Although the record does not necessarily show that a certain question in a case was raised below, yet, when counsel agree in presenting the cause here as if such question were properly before the court, it will be so considered.

2. **Attachment:** GARNISHMENT: NOTICE OF GARNISHMENT TO PRINCIPAL DEFENDANT: WHAT NECESSARY. Where one is sued in attachment and brought into court by proper notice, and the attachment is served upon his supposed debtor by process of garnishment, no valid judgment can be rendered against the garnishee unless notice of the garnishment has also been served on the principal defendant, as required by § 2975 of the Code, as amended by chap. 58, Laws of 1880. The original notice in the action does not avail for the purpose of the garnishment.

*Appeal from Polk Circuit Court.*

TUESDAY, OCTOBER 6.

ACTION in equity to set aside a judgment rendered against the plaintiff as garnishee. There was a decree for the plaintiff. The defendants appeal.

*Good, Wishard & Phillips*, for appellants.

*Cole, McVey & Cole*, for appellee.

ADAMS, J.—The defendants, E. Rothschild & Bros., brought an action against one I. H. Wise, and caused the plaintiff, Bernhart Wise, to be garnished. The garnishee answered, admitting an indebtedness of $257.25. Afterwards the garnishing plaintiffs took judgment against the garnishee for $987.75. The garnishee, the present plaintiff, brings this action to set aside the judgment on the ground that the garnishing plaintiffs " fraudulently imposed upon the court and this plaintiff, by causing to be entered of record in said court a judgment for the sum of $987.75, and costs and interest, and in failing to comply with the statute

in such case made and provided." The counsel for the appellee say in their argument: "There is, as we view it, but one question in this case, and it is this: The judgment against the garnishee was rendered without notice to the principal debtor: is it valid?" They also say: "The circuit court followed *Williams v. Williams*, 61 Iowa, 612, and held that the judgment against Wise was without jurisdiction, as no notice was given as required by section 2975 of the Code as amended by chapter 58 of the Acts of the Eighteenth General Assembly."

We have looked through the record, and we have to say that we do not discover anything which necessarily shows that such question was raised in the court below. But the counsel for the appellee state in argument that it was considered as raised, and was the question upon the determination of which the court rendered a decree in the plaintiff's favor, and the counsel for the appellant seem to concede that this is so, and they now treat the question as being properly before us. We shall proceed to treat the question as the counsel treat it.

It appears to be agreed that an original notice was served upon the principal defendant, I. H. Wise, and that he appeared in the action. It appears, also, to be agreed that no specific notice of the garnishment proceedings was served upon him. The statute which the garnishee in that action, (plaintiff in this action,) relies upon is in these words: "No judgment shall be entered in any garnishment proceedings, condemning the property or debt in the hands of the garnishee, until the principal defendant shall have had ten days' notice of such proceeding." The garnishment in this case was by attachment. The appellants' position is that the original notice served upon the principal defendant in the action in which the writ is issued is sufficient, because the principal defendant, having thus been once brought in, must be presumed to have notice of whatever is done in the case, including the garnishment proceedings. But in our opinion

this position cannot be sustained. The principal defendant may have no defense to the action, and when this is so he ought not to be put to the expense of employing counsel to watch the case; nor, indeed, if he does employ counsel to defend in the action, should he be put to the expense of watching against garnishment proceedings which would call for a separate hearing and determination. Besides, we think that the language of the statute is such that by any fair construction we ought to hold that the notice provided for is actual notice of the proceedings, and not actual notice of something else operating as constructive notice of the proceedings. The service of the original notice cannot operate as actual notice of more than is involved in the issues tendered by the petition. The garnishment proceedings are distinct, and merely in aid of the collection of the debt. There is no reason to suppose that such proceedings will be had until garnishment is effected. In our opinion, without the service of actual notice of the proceedings, the court has no jurisdiction to render judgment against the garnishee. A person whom the statute makes a necessary party to the proceedings is wanting.

AFFIRMED.