SCHALLER & SON v. CHAN MARKER, Defendant, ADDIE M. MARKER, Garnishee, Appellant.

**Attachment:** SERVICE OF NOTICE: MISNOMER: JURISDICTION. Where there is a clear misnomer of defendant in the original notice the court acquires no jurisdiction of the person or of the subject matter of the suit; and has no authority to render judgment against a garnishee in the action, although he voluntarily appears and submits to the jurisdiction of the court.

**Same.** To support a judgment rendered on publication of notice there must have been a compliance with all the statutory provisions authorizing jurisdiction; and where the record shows service of an insufficient notice it will not be presumed that another sufficient notice was served.

**Garnishment:** JURISDICTION: APPEAL. A garnishee cannot waive a defective service by which the court acquired neither jurisdiction of defendant nor of the subject matter; and he may for the first time on appeal raise the question of lack of jurisdiction to enter judgment against him.

*Appeal from Buena Vista District Court.*— HON. A. D. BAILIE, Judge.

SATURDAY, DECEMBER 14, 1907.

ACTION in attachment on service by publication in which judgment was rendered against the garnishee; no appearance being made by the defendant. The garnishee appeals.— *Reversed.*

*T. H. Chapman* and *F. F. Faville,* for appellant.

*J. E. Buland* and *F. H. Helsell,* for appellees.

McCLAIN, J.— The action was commenced by petition filed in October, 1904, in which judgment was asked against the defendant, with allegations of grounds for attachment on which a notice was served on appellant as garnishee summoning her to make answer as the debtor of defendant. The garnishee answered, admitting that she was the holder by assignment from defendant of a receiver's certificate issued to him, but alleging that she was such holder for valuable consideration. The plaintiff controverted the answer, alleging that at the time that defendant assigned the certificate to the garnishee he was insolvent, and that the assignment was without consideration, and for the purpose of putting his property beyond the reach of his creditors. On trial to the court without a jury, the plaintiff was given a judgment *in rem* on attachment by garnishment against the defendant and the garnishee for the amount of his claim, with costs, and the certificate which had been placed in the hands of the clerk of the court by the garnishee was ordered to be sold and the proceeds applied on the judgment so far as necessary. On this appeal by the garnishee, it is urged, first, that the court was without jurisdiction to render a judgment against the garnishee for want of valid service upon the defendant, and also that there was no sufficient evidence of the insolvency of the defendant at the time of the assignment of the certificate to the garnishee.

The contention with reference to jurisdiction is that the notice which was published in 1904, designated the defendant as " Chase Marker," instead of " Chan Marker," and that the notice was therefore of no effect to confer jurisdiction on the court. Such a misnomer of the defendant unquestionably renders the notice totally ineffectual, and the court acquired no jurisdiction of the proceedings by publication thereof. *Thornily v. Prentice,* 121 Iowa, 89; *Fanning v. Krapfl,* 61 Iowa, 417; *Hubner*

1. ATTACHMENT: service of notice: misnomer: jurisdiction.

*v. Reickhoff*, 103 Iowa, 368; *Buchanan v. Edmisten*, 1 Neb. (unofficial); 429, 436 (95 N. W. 620). ·The court acquires jurisdiction by publication only by strict compliance with the statutory requirements. *Carnes v. Mitchell*, 82 Iowa, 601; *Bardsley v. Hines*, 33 Iowa, 157. If the court acquired no jurisdiction as to the subject-matter because the notice was fatally defective, it could not render a valid judgment against the garnishee, for the defendant, being in no way bound by the proceedings, would not be precluded from afterwards recovering against the garnishee the debt which such garnishee had been required by the judgment of the court to pay. The garnishee cannot be bound unless the defendant is also bound by the judgment. That voluntary appearance or submission to the jurisdiction of the court by the garnishee will not confer jurisdiction to render judgment against such garnishee when there is no valid judgment against the defendant is well settled. *Barton v. Smith*, 7 Iowa, 85; *Bean v. Barney*, 10 Iowa, 498; *Toll v. Knight*, 15 Iowa, 370; *Edler v. Hasche*, 67 Wis. 653 (31 N. W. 57); *Hamilton v. Plumer*, 67 Mich. 135 (34 N. W. 278)·; *Barber v. Morris*, 37 Minn. 194 (33 N. W. 559, 5 Am. St. Rep. 836).

Counsel for appellees seek to escape the conclusion above suggested as to the invalidity of the judgment against the appellant in several ways. They insist, first, that the

2. Same.

express recital in the judgment that the court had jurisdiction of the defendant and the subject-matter gives rise to presumption that the judgment against defendant was valid, which presumption is not overcome by the recital in the record of notice by publication to " Chase " Marker conceding such notice to be of no validity, contending that there might have been another notice which was valid; but the ordinary presumptions in' favor of a judgment do not apply to a judgment rendered on service by publication. To support the judgment on such service, the record must ·show compliance ·with the

statutory provisions authorizing the court to acquire jurisdiction in this manner. *Bradley v. Jamison,* 46 Iowa, 68. Furthermore, when the record shows that a notice was actually served, which is wholly insufficient to give the court any jurisdiction whatever over the defendant, it will not be presumed that there was some other service sufficient to give the court jurisdiction, no such service appearing from the record to have been had. *Barber v. Morris,* 37 Minn. 194 (33 N. W. 559, 5 Am. St. Rep. 836).

It is also urged that the garnishee could waive the defective service on the defendant, and that, as to the garnishee, the judgment is valid notwithstanding want of jurisdiction of the principal defendant. In support of this contention, the case of *Hamilton Buggy Co. v. Iowa Buggy Co.,* 88 Iowa, 364, is cited. But that case has reference, not to the original want of jurisdiction of the defendant, but to the failure to serve the defendant with the notice required by Code, section 3947, which is to be given to the principal defendant of the proposed judgment against the garnishee. In that case the principal defendant had appeared and the court had jurisdiction to render judgment against him, and there was no question of jurisdiction involved. If the original notice by publication had been sufficient to give the court jurisdiction of the subject-matter, then, although the court should not have proceeded to render judgment against the garnishee merely and not afterward without an additional notice to the defendant of the purpose to take such judgment, as required by Code, section 3947 (see *Williams v. Williams,* 61 Iowa, 612; *Wise v. Rothschild,* 67 Iowa, 84), yet, as the court would have had jurisdiction of the principal action, a judgment against the garnishee without further notice to the defendant, no objection on that ground being made by the garnishee, might have been valid. But here the court acquired no jurisdiction whatever as to the defendant or the subject-matter, and all subsequent pro-

3. GARNISHMENT: jurisdiction: appeal.

ceedings in the case must necessarily be void and ineffectual.

It is urged that want of jurisdiction was not raised by the garnishee until the objection is now made for the first time on appeal, and many cases are cited to the proposition that an objection not raised nor in any way presented in the trial court cannot be considered in the appellate court; but these cases on examination are found to be those in which the error relied upon might have been cured by some action of the trial court, if there presented. Absolute want of jurisdiction of the court could not have been cured by any action which might have been taken. The court could not proceed in a case in which it had no jurisdiction to render any judgment which would have validity and it is immaterial, therefore, that the objection was not urged before the judgment was rendered. It has uniformly been held in this court that want of jurisdiction may be raised at any time, and it is not waived by failure to bring it to the attention of the trial court. *Groves v. Richmond,* 53 Iowa, 570; *McLachlan v. Town of Gray,* 105 Iowa, 259.

The trial court erred, therefore, in rendering a judgment against the appellant without having any jurisdiction of the defendant or of the subject-matter of the action; and its judgment is *reversed.*