EMPIRE REAL ESTATE AND MORTGAGE COMPANY, Appellant,
v. N. K. BEECHLEY, Appellee.

Service by publication: PROOF OF SAME: JUDGMENT THEREON. A party who brings suit against a nonresident on published notice is disqualified to administer the oath to the publisher in making proof of publication; and judgment entered upon proof of service so made is without jurisdiction and a sheriff's deed on a sale of property thereunder conveys no title.

Quieting title: LIMITATIONS. The plea of limitations is not applicable in an action to quiet title, brought by the grantee of an execution defendant against the grantee in a sheriff's deed, even though the claim belongs to the class of claims which are barred in five years, especially where the action is brought within five years of the date of the sheriff's deed: nor is it effective where the plea is an attempt to assert title by prescription.

Quieting title: SUFFICIENCY OF PROOF. An action to quiet title cannot be defeated by a showing that plaintiff's grantor possessed less than the whole title, as that question goes to the measure of relief and not to the right of action: and in the absence of evidence to the contrary it will be presumed that each of several owners of real estate have an equal interest in the premises.

Same: GRANTING RELIEF. The plaintiff in an action to quiet title against a sheriff's deed, which is void because there is no valid proof of publication of the notice by which the action was commenced, is entitled to have whatever rights he has in the premises settled, even though defendant may still amend such proof of service and have a valid judgment entered.

*Appeal from Linn District Court.*— HON. WM. G. THOMP-
SON, Judge.

TUESDAY, JANUARY 14, 1908.

ACTION in equity to quiet title to certain lots in the city
of Cedar Rapids.   Decree dismissing petition, and plaintiff
appeals.— *Reversed.*

*Rickel, Crocker & Tourtellot,* for appellant.

*Lewis Heins,* for appellee.

WEAVER, J.— The material facts in the case are as fol-
lows:   In November, 1899, the defendant Beechley brought
an action in the district court of Linn county, Iowa, against
H. W. Kirby and B. D. Hicks to recover the amount of an
alleged indebtedness of $36, and in aid of such action sued
out a writ of attachment, which was levied upon the prop-
erty now in controversy.   The only service of the original
notice in said proceeding was by publication, on a showing
that said Kirby and Hicks were non-residents of the State,
and the only proof of such service was by the affidavit of
one Sherman that he was the publisher of a weekly news-
paper printed and issued at Cedar Rapids, Iowa, in which
said notice had been duly published for four successive
weekly issues beginning December 2, 1899.   This affidavit
was sworn to before Beechley, the plaintiff in said proceed-
ings, acting as a notary public.   On the proof of service thus
made and verified a judgment *in rem* was entered confirm-
ing the attachment and ordering a special execution for the
sale of the lots.   Execution was thereafter issued, and said
property was struck off and sold thereunder to said Beechley,
and, no redemption being made within a year, the sheriff
executed and delivered to him a deed under which he now
asserts title.   The plaintiff in this proceeding claims title to
the lots through a conveyance from Hicks, and contends

that the attachment proceedings above mentioned were void
for want of jurisdiction and that Beechley obtained no title
by virtue of the sheriff's deed.    This contention is bottomed
upon the proposition that, the affidavit of publication of the
original notice having been verified before Beechley himself,
it did not furnish sufficient proof of service to authorize the
court to enter judgment or to order a sale of the property.
The defendant avers that the proof of service was regular
and sufficient, and that plaintiff's cause of action is barred by
the statute of limitations.

I.    The statute which permits the property of a non-
resident to be seized and subjected to judicial sale upon
notice by publication only is a most drastic remedy, and
not infrequently results in oppression and in-

1. SERVICE BY
PUBLICATION:
proof of same:
judgment
thereon.

justice.    Recognizing this fact, the courts
quite uniformly hold that all of the statutory
requirements for the institution and prosecu-
tion of such proceedings, and especially such as are of a
jurisdictional character, must be strictly and literally ob-
served, in order that the judgment entered thereon shall be
of legal force and validity.    *Priestman v. Priestman,* 103
Iowa, 320; *Fanning v. Krapfl,* 61 Iowa, 417; *Abell v. Orvis,*
17 Iowa, 174; *Tunis v. Wethero,* 10 Iowa, 305.    If, then,
there was no sufficient return or proof showing due publica-
tion of the original notice in the attachment case, the pro-
ceedings based thereon must of necessity be held void.    This
proof, the statute provides, shall be made by the affidavit of
the publisher or his foreman and filed before default is
taken.    Code, section 3536.

We have, then, to inquire whether in such proceedings
the plaintiff, who happens to be a notary public or magis-
trate, may administer the necessary oath.    In *Wilson v.
Traer,* 20 Iowa, 231, this court held that the acknowledg-
ment of a deed taken by a notary who was interested in the
transaction is void, and its record will not impart construc-
tive notice to a subsequent purchaser.    The same rule has

since been applied in *Bank v. Radlke,* 87 Iowa, 365, and *Smith v. Clark,* 100 Iowa, 609. So far as we have noted the precedents all agree to the correctness of this rule. If we are to hold void an acknowledgment taken and certified by a notary who is interested in the transaction, we are unable to conceive upon what principle we may sustain the act of another notary who takes and certifies an affidavit which is essential to the maintenance of an action in which he is himself plaintiff. There appears to be no express statutory prohibition in either case. In the *Wilson case, supra,* the court said that to permit a party to take acknowledgment of a conveyance in which he is interested " would leave a broad door open to the perpetration of frauds." If this be true in reference to the acknowledgment of written instruments, the opportunity for fraud would be even greater if the party who brings a suit against a non-resident on published notice may administer the oaths and take the affidavits on which the validity of the judgment he obtains must necessarily depend. In New York and some other States, as well as in England, it has frequently been held that one who is interested in a proceeding, either directly or as an attorney, is disqualified to take an affidavit or administer an oath to be used therein. See cases collected in 21 A. & Eng. Encyc. Law (3d Ed.) 570. It is to be admitted that authorities to the contrary may be found; but the rule stated is a safe one, and we are disposed to hold it applicable to the case at bar. It is in harmony with the principles affirmed by us in the decisions already cited, and it imposes no hardship upon any party seeking the aid of the courts for the enforcement of an alleged right. If, as we hold, the defendant was disqualified to take the affidavit, then the court acquired no jurisdiction to enter judgment or order sale of the property, and the sheriff's deed made pursuant to such sale conveyed no title to the defendant.

II. There is no merit in the plea of the statute of limitations. The action is not primarily a proceeding to

set aside the judgment in the attachment proceedings, but to settle and quiet the plaintiff's claim of title to real estate. Plaintiff has no interest in the controversy, if any, between defendant and Hicks and Kirby, save as it affects such title. If it be true, as appellee argues, that plaintiff's claim belongs to the class in which action is barred within five years, such defense is not here available, for it did not obtain the sheriff's deed on which it relies until within less than five years prior to the commencement of this suit. Moreover if the plea of the statute means anything, it is apparently an attempt to set up title by prescription, which cannot accrue in less than ten years. Code, section 3447; *Williams v. Allison,* 33 Iowa, 278.

2. QUIETING TITLE: limitations.

III. Neither can we concede the defendant's proposition that plaintiff has not shown any right or title to the lots, and must therefore fail, even though the defendant's title be defective. It is, of course, an established rule that the plaintiff in such an action must recover, if at all, on the strength of his own position, and not on the weakness of the position of his adversary. Appellee claims the benefit of that rule, because, while the attachment was directed against the property of both Kirby and Hicks, the deed to appellant is from Hicks alone. The point is not well taken. If, as counsel argues, we must assume that the property was the joint or common property of both defendants in the attachment suit, then whatever interest Hicks had in the premises, whether small or great, passed by his deed to the appellant, and the latter may maintain an action to establish that right against the appellee's hostile claim. There was no suggestion in the court below of any defect of parties to the suit, and we need not consider it further than to say that, if Kirby neither had nor claimed in fact any interest in the property, it was not necessary to bring him into the case, and, if the interest of Hicks was anything less than a full and undivided owner-

3. QUIETING TITLE: sufficiency of proof.

ship, that fact went to the measure of the relief to which plaintiff, as his grantee, was entitled, and not to its right to maintain an action.

It is to be admitted that the showing of title in the plaintiff is meager, yet as it claims under conveyance from Hicks, and the defendant claims through an attachment directed against the property of Hicks, both parties are claiming title from or through the same person, and it was unnecessary for either party to trace its chain of title further than to this common source. If we are to assume, as defendant insists, that Kirby had any interest in the property — a contention upon which we do not attempt to pass — the presumption would be, in the absence of evidence to the contrary, that he and Hicks were tenants in common with equal rights in the premises, and plaintiff would be entitled to that extent to the relief it demands.

IV. Finally, it is said by appellee that, even if the proof of service of the original notice be found fatally defective, it does not invalidate the attachment, which had already been made, and that, although the special execution and the sheriff's sale and deed be wholly void, the attachment will stand as it stood before filing the defective proof of service of notice, and plaintiff may still be allowed to amend such proof and have a new and valid judgment entered for the enforcement of the attachment lien. Even if this be true, it affords no ground for the denial of the plaintiff's demand for the confirmation of his title against the hostile title asserted by defendant under the sheriff's deed. If plaintiff is the owner of the property in whole or in part, it is entitled to have its ownership adjudicated and confirmed, even though, when so confirmed, its title be found to be incumbered by the attachment lien. Whether that lien ever properly attached to the land, and, if so, whether it still exists, is not ascertainable from the record before us. Mention is made of an affidavit of non residence of Kirby and Hicks; but there is no show-

4. SAME: granting relief.

ing when, if ever, it was filed.   So, also, an amended proof of the publication of the original notice, bearing date of November 15, 1905, after the commencement of this action, was offered in evidence; but it is not shown whether it was ever filed in the attachment proceeding.   Under such con-ditions any expression of opinion as to what the right of the parties would be upon the full showing of the facts would be mere *dictum.*

From what we have said it follows that the decree ap-pealed from must be reversed, and the cause remanded to the district court for further proceedings in harmony with this opinion.— *Reversed.*