JOHN MANION, Appellant, v. P. J. BRADY and WM. S. HART.

**Jurisdiction:** NON-RESIDENT: SERVICE BY PUBLICATION. The statutes conferring jurisdiction to render a judgment against a non-resident defendant served by publication only must be strictly and literally complied with, or the judgment and all subsequent proceedings will be void.

**Same:** AFFIDAVIT FOR PUBLICATION OF NOTICE. The affidavit that personal service of the original notice cannot be had on defendant in this state must be filed before publication of the notice.

**Commencement of actions:** SERVICE BY PUBLICATION: PROOF OF PUBLICATION. The publication of an original notice for the commencement of an action must be for four consecutive weeks, either before or after filing the petition; and where the proof of publication showed on its face that it was not so published, and failed to show that it was made by the publisher of the paper or by his foreman, as required by the statute, it was fatally defective, and could not be cured by parol evidence.

**Execution sale:** ACTION TO CANCEL: ESTOPPEL. An attempted redemption of land sold on execution, not shown to have been prej-

udicial to the execution creditor, will not estop him from main-
taining an action to set aside the sale.

*Appeal from Allamakee District Court.*—HON. A. N. HOBSON,
Judge.

WEDNESDAY, NOVEMBER 20, 1912.

SUIT in equity to set aside a judgment *in rem* and a sale
thereunder. Judgment for the defendants. The plaintiff ap-
peals.—*Reversed.*

*D. Ed. Dwyer, Stilwell & Stilwell* and *Samson & Noble,*
for appellants.

*William S. Hart,* for appellee.

SHERWIN, C. J.—The plaintiff herein was a resident of
Minnesota, and owed the defendants herein, who were residents
of Allamakee county, Iowa. The defendant Brady brought a
suit in attachment against Manion, and had a levy made on
land in Allamakee county, in which Manion owned an equity
and to which he held title. Brady obtained a judgment, and
the land was sold under execution to satisfy the same; the
defendant Hart finally becoming the owner thereof under
sheriff's deed. The only notice of suit was by publication.
The appellant contends that the statute authorizing such serv-
ice was not strictly complied with, and because thereof the
court was without jurisdiction to render the judgment under
which his land was sold. Two specific objections are made to
the jurisdiction of the trial court in connection with the ques-
tion of notice. The first is that no affidavit was filed that per-
sonal service could not be made on the defendant within this
state; and the second, that proof of the publication of the
notice was not made as required by the statute. Within the
time required by law there was filed in the case a paper, which

remained of record, of which the following is an exact copy in both substance and form:

I, William S. Hart, being first duly sworn on oath, say that I am the attorney for the plaintiff in the above-entitled action; that the defendant is a nonresident of the state of Iowa, and service of the original notice in the said action cannot be made personally upon the defendant in the state of Iowa. [Signed] Wm. S. Hart.

Subscribed and sworn to before me by the said William S. Hart this 31st day of July, 1901. —————, Clerk Dist. Court.

Plaintiff respectfully designates the New Albin Globe, a newspaper published in Allamakee county, Iowa, as the medium which he desires to have designated for the publication of the original notice in this action. [Signed] Wm. S. Hart, Attorney for Plaintiff.

Upon reading the foregoing affidavit, it is hereby ordered that publication be made in the paper above designated by plaintiff's attorney. [Signed]   J. C. Ludeking, Dep. Clerk Dist. Court.

The appellant urges that this paper was not an affidavit, for the reason that it does not appear to have been sworn to, and that it amounted to no more than a declaration made in the form of a certificate. On the other hand, the appellees contend that the paper itself shows that it was sworn to, and further, was in fact sworn to, and, having been duly filed, was in fact and in law the affidavit that the law requires, notwithstanding irregularity in the jurat. On the trial, it was shown that Mr. Hart did in fact swear to the body of the paper, and that the signature of the officer was placed below the direction for publication through inadvertence or mistake.

I.   It is settled, and in fact conceded, by the appellees that the statutes conferring jurisdiction to render a judgment against a nonresident defendant on service of notice by publication only must be strictly and literally complied with, or the judgment and all subsequent proceedings based thereon are void. *Schaller*

1. JURISDICTION: non-resident: service by publication.

& Son .v. Marker, 136 Iowa, 575; Empire Real Estate & Mtg.
Co. v. Beechley, 137 Iowa, 7.

It is also the rule that an affidavit that personal service
cannot be made on the defendant within this state must be

2. SAME: affi-
davit for pub-
lication of
notice.

filed before publication of the notice. Carnes
v. Mitchell, 82 Iowa, 601. Whether the paper
under present consideration was an affidavit
within the contemplation of the statute, or such an affidavit
as it requires, is, at least, very doubtful, and we shall not
determine the question in view of the fact that we are agreed
that the affidavit of service was fatally defective, and hence
conferred no jurisdiction on the trial court.

II: The notice was published in a newspaper published
in New Albin, Allamakee county, Iowa, called the New Albin
Globe, and the following affidavit of such publication was
made:

I, H. J. Metcalf, publisher of the Globe, a weekly news-
paper published in the city of New Albin, in said county
and state, do solemnly swear that the advertisement (a copy
of which is hereto annexed) was published in said paper 4
consecutive weeks, the first insertion being on the 7th day
of August, A. D. 1901, and the last on the 28th day of Au-
gust, A. D. 1901.   M. J. Metcalf, Publisher.

Subscribed and sworn to by Geo. W. Metcalf, before me,
a notary public of the state of Iowa, in and for Allamakee
county, this 27th day of August, 1901.   Witness my hand
and notarial seal.   [Signed]  L. Ferris, Notary Public.
[Seal.]

This affidavit wholly failed to meet the requirements of
the statute (Code, section 3535), which is as follows: "The

3. COMMENCE-
MENT OF AC-
TIONS: service
by publication:
proof of pub-
lication.

publication must be of the original notice re-
quired for the commencement of actions, once
each week for four consecutive weeks, before
or after the filing of the petition, in some
newspaper printed in the county where the petition is or
will be filed, which paper shall be determined by the plain-
tiff or his attorney.''

In the first place, the affidavit on its face shows that it was not published once each week for four consecutive weeks. The first publication was made on the 7th day of August, and to comply with the statute it was necessary to publish it again on the 14th, 21st, and 28th of August. The affidavit was made on the 27th day of August, at which time but three publications had been made, and the statement therein that the notice was published on the 28th day of August was manifestly false. Proof of publication of notice each week for four consecutive weeks in a newspaper printed in the county where the petition is or will be filed must be made by the publisher or his foreman and filed before default. *Tunis v. Withrow,* 10 Iowa, 307; *Cooke v. Tallman,* 40 Iowa, 133; *Littlejohn v. Bulles,* 136 Iowa, 151; *Mortgage Co. v. Beechley, supra.* The affidavit also purports to have been sworn to by Geo. W. Metcalf, who was not shown to be the foreman or the publisher, or in any way connected with the paper. The statute (Code, section 3536) says that the affidavit shall be made by the publisher or his foreman, and this affidavit itself shows that it was not made by the publisher, because it is stated therein that H. J. Metcalf was the publisher.

The record must show that the statutory requirements as to notice have been complied with, and parol testimony to show matters that should appear of record is inadmissible. *Schaller & Son v. Marker, supra; Bradley v. Jamison,* 46 Iowa, 68; *Bardsley v. Hines,* 33 Iowa, 159; *Mortgage Co. v. Beechley, supra; Maynes v. Brockway,* 55 Iowa, 460. The affidavit of publication is fatally defective in two or more respects, and, under the rule that the statute must be literally complied with to confer jurisdiction by publication of the notice, it is clear that the court had no jurisdiction to render the judgment in question.

The appellee contends that the plaintiff is not the real party in interest, and hence cannot maintain this suit. No

such question was raised in the court below, and, of course, it cannot be considered here.

Appellee also says that appellant is estopped from maintaining suit by his conduct after appellees had obtained their judgment and a sale had been made thereunder. Plaintiff did nothing more than to attempt a redemption, and it is not shown that the defendants herein were in any way prejudiced by his action. Appellees' motion to strike appellant's amendment to abstract is overruled. For the reason indicated, the judgment is *Reversed.*

4. EXECUTION SALE: action to cancel; estoppel.

