INGVAL ESTREM, Appellee, v. TOWN OF SLATER, Appellant.

**MUNICIPAL CORPORATIONS:** Severance of Territory—Petition
1 —Failure to Attach Plat. The statutory requirement that a plat of the territory sought to be severed shall be attached to the petition for severance, is sufficiently complied with by attaching the same by way of amendment made prior to the pub-

lication of the required notice of the action.    (Sec. 622, Code Supp., 1913.)

**MUNICIPAL CORPORATIONS:**   Severance of Territory—Notice—
2   **Jurisdiction.**   Jurisdiction of a proceeding, under Sec. 622 *et seq.*, Code, 1897, to sever territory from an incorporated town. is not acquired, either over the *subject matter* or over the *inhabitants* of the town (who are given by statute the right to defend), by the publication of the required notice for a period of *less* than four weeks previous to the commencement of the succeeding term of court.

**COURTS:**   Jurisdiction—Subject Matter—Voluntary Appearance—
3   **Effect.**   Principle recognized that jurisdiction of the subject matter of an action may not be conferred by consent.

**PROCESS:**   Service by Publication—Requirements—Jurisdiction.
4   Principle recognized that statutes authorizing service by publication must be strictly followed.

*Appeal from Story District Court.*—R. M. WRIGHT, Judge.

NOVEMBER 26, 1917.

THE corporate limits of the town of Slater originally included the W½ SW¼ of Section 29, SE¼ and E½ SW¼ Section 30, and the north 20 acres of the NE¼ NE¼ Section 31, in Township 82 North, Range 24 West of the 5th P. M., or 340 acres.   In 1911, the territory was extended so as to include all of Sections 29, 30, 31 and 32, except the SW¼ of Section 31, which is a part of Sheldahl, or 2,400 acres.   On August 6, 1915, a majority of the property holders residing in Section 29, except the W½ SW¼ SW¼ thereof, the N½ and the W½ SW¼ of Section 30 and Lot 3 in the N½ SE¼ of said section, the N½ and the SE¼ of Section 31, except the north 20 acres of the NE¼ NE¼ of said section, and Section 32, filed with the clerk of the district court a petition praying that said land be severed from the corporation of Slater.   This petition was amended on the following day by attaching a plat thereto.   Notice was published and the incorporated town

answered. On trial, the jury returned a verdict favoring the severance of the territory, thereby reducing the corporate limits by Lot 3 in the N½ SE¼ Section 30, and 60 acres in Section 29, below. those established originally. Judgment was entered on the verdict, and the incorporated town of Slater appeals.—*Reversed.*

*A. O. Wydell* and *Bert B. Welty,* for appellant.

*E. H. Addison,* for appellee.

LADD, J.—Slater is at the intersection of the lines of railway of the Chicago, Milwaukee and St. Paul Railway Company and the Chicago & Northwestern Railway Company, and has about 670 inhabitants. As originally incorporated, its corporate limits included 340 acres. In 1911, these were extended so as to include 2,400 acres. By the judgment entered on the petition of severance, from which defendant has appealed, its territory has been reduced to the original corporate limits, less the 60 acres in Section 30, and possibly Lot 3 in the N½ NE¼ of Section 30, whatever that may be. Several errors are assigned, which, if argued, may be considered as we proceed.

I. A plat did not accompany the petition when filed, but was filed the next day. Section 622 of the Code provides that the petition shall describe the territory proposed to be severed from town or city and "have attached thereto a plat thereof." The plat was attached by amendment, before notice, as required by the next section, had been published, and therefore was in apt time. The plat was not very artistic or accurate, but about such as a lawyer would draw, and such as, in connection with the description, would enable anyone readily to ascertain the precise territory sought to be severed. This was a substantial compliance with the statute.

1. MUNICIPAL CORPORATIONS: severance of territory: petition: failure to attach plat.

II. The petition was filed August 6, 1915; the notice thereof was published in four issues of a local newspaper, the first August 12th and the last September 2d; and the term of court began September 6th. The defendant appeared and filed answer November 1st following, and now contends that the court was without jurisdiction, for that notice was not given four weeks prior to the commencement of the succeeding term of court.

2. MUNICIPAL CORPORATIONS: severance of territory: notice: jurisdiction.

The procedure prescribed by Section 622. *et seq.* of the Code for the severance of territory from that of a city or town is special, and jurisdiction to grant the relief prayed may be acquired only by compliance with these statutes. Those controlling may be set out:

"Sec. 622. When the inhabitants of a part of any town or city, whether the same is or is not laid out in lots and blocks, desire to have the part thereof in which they reside severed therefrom, they may apply by petition in writing, signed by a majority of the resident property holders of that part of the territory of such city or town, to the district court of the county, which petition shall describe the territory proposed to be severed, and have attached thereto a plat thereof, and shall name the person or persons authorized to act in behalf of the petitioners in the prosecution of said petition.

"Sec. 623. Notice of the filing of the same shall be given by publication in a newspaper published in said city or town, or by posting a notice of the same in five public places therein, four weeks previous to the succeeding term of court, which notice shall contain the substance of the petition, and state the term of court at which the hearing thereof will be had.

"Sec. 624. The hearing of said petition may be had by the court, or either party may demand a jury, and the proper authorities of such city or town, or any person in-

terested in the subject matter of said petition, may appear and contest the granting of the same. Affidavits in support of or against said petition may be submitted and examined by the court or jury, and the court may, in its discretion, permit the agent or agents named in the petition to amend or change the same, except that no amendment shall be permitted whereby the territory embraced in said petition shall be increased or diminished, without continuing the case to the next term, and requiring new notice to be given as above provided."

It is to be noted that, to confer jurisdiction, the filing of a petition such as described, and the publication of the requisite notice as exacted, are required. The petition was filed in apt time. The form of notice is not criticised. But it was not published "four weeks previous to the succeeding term of court." The statute does not exact a publication each week. One publication is all it requires. That one publication, however, must be four weeks prior to the time named,—that is, the succeeding term of court. By "succeeding term" is meant the term next following or the term first in order after the publication. The notice, then, was not published in time for the succeeding term to which returnable, nor, as we think, in time to confer jurisdiction. Indeed, appellee does not appear so to contend, but relies on the appearance and defense interposed by the incorporated town conferring jurisdiction. There are two obvious objections to this, and the first of these is that the manifest design of the publication of the notice is that the inhabitants of the city or town may have notice, as well as the municipality. If the latter only might defend, there would seem no occasion for the publication; for in that event, notice might as well be served on mayor or clerk, as authorized by Section 3531 of the Code, in which event voluntary appearance would seem permissible (though we do not so decide). See *McCartney v. City of Washington*, 124

Iowa 382; but "any person interested in the subject matter of said petition may appear and contest the granting of the same." Any such person, though accorded the opportunity of defending, is not bound to appear or defend until the statutory notice has been given, and there was no showing of acquiescence in the jurisdiction of the persons of any of these.

3. COURTS: jurisdiction: subject matter: voluntary appearance: effect.

The second objection to the acquirement of jurisdiction by the defense interposed by the town is that jurisdiction of the subject matter may not be conferred by consent. These statutes declare precisely what is essential to a hearing and determination of the issue involved by the court. Observance thereof is essential in order that the court acquire authority to hear and determine. Among other things made essential is the publication of notice as specified. Service being by publication, the

4. PROCESS: service by publication: requirements: jurisdiction.

rule obtains that the statute prescribing service of said notice must be strictly pursued, in order that jurisdiction be acquired over the subject matter. That may not be conferred by consent, and never save as given by law. 17 Am. & Eng. Encyc. of Law (2d Ed.) 1060. Even were it conceded, then, that the trial court may·have acquired jurisdiction over the defendant town (a point not determined), yet the service was not sufficient as to the inhabitants thereof, any of' whom, if interested, might have appeared and defended. Nor was there jurisdiction of the subject matter.

We are of opinion that the court was without jurisdiction, and for this reason the judgment is—*Reversed.*

GAYNOR, C. J., EVANS and SALINGER, JJ., concur.