W. J. Phelps et al., Appellants, v. Mark G. Thornburg, State Secretary of Agriculture, et al., Appellees.

November 13, 1928.

Thompson & Thompson and A. R. Whitmer, for appellants.

John Fletcher, Attorney-general, Earl F. Wisdom, Assistant Attorney-general, and C. R. Stafford, County Attorney, for appellees.

Albert, J.—I. On the 25th day of July, 1926, Mark G. Thornburg, as secretary of agriculture of the state of Iowa,

declared Muscatine County, Iowa, to be an accredited area for the eradication of bovine tuberculosis, subject to the provisions of Chapter 129, Code of 1924, and amendments thereto. The action of the secretary of agriculture is attacked on four grounds:

1. That Muscatine County, Iowa, has never been legally enrolled under the County Area Eradication Plan, because of the failure of the county auditor to publish notices of the hearing on petitions for the length of time and number of publications as required by Section 2683, Code of 1924.

2. That 697 owners of breeding cattle have withdrawn, in writing, their names from petitions previously filed, asking for the enrollment under the Accredited Area Plan, and there are not sufficient petitioners left authorizing the secretary of agriculture to make the order he did, enrolling the said county under the Accredited Area Plan.

3. That Muscatine County has never been legally enrolled under the County Area Eradication Plan, and that the secretary of agriculture has no right, power, authority, or jurisdiction to enroll said county under the Accredited Area Plan.

4. That said chapter of the Code of Iowa, as amended, is contrary to and a violation of Section 1, Article III, of the Constitution of Iowa, for the reason that it attempts to confer upon the executive department of the state judicial power.

The first question arises from the following undisputed facts: When the matter was before the board of supervisors to enroll Muscatine County under the County Area Plan, a notice was published by the county auditor, in pursuance of Section 2683, Code of 1924, reading in part as follows:

" * * * the board shall cause a notice to be published for two consecutive weeks in two official county papers of the date of the hearing on said petition, which shall not be less than five nor more than ten days after the last publication; said date to be set by the county auditor."

In the instant case, the county auditor set the hearing for August 17, 1925. These notices were published twice in the Muscatine Journal and News-Tribune, and are regular, and within the proper time. The other paper used was the West Liberty Index, and the dates of publication in that paper were August 6 and 13, 1925.

On the 17th day of August, 1925, the board of supervisors heard the matter, and, finding that there were no objections on file, moved that the board make application to the secretary of agriculture at Des Moines, Iowa, for the enrollment of Muscatine County in accordance with the provisions of Section 2684, Chapter 129, Code of 1924, as amended by the forty-first general assembly. This motion was carried, and thereafter Muscatine County was enrolled under the County Area Eradication Plan. The point made here is that Muscatine County was never legally enrolled under this County Area Eradication Plan because the board of supervisors had no jurisdiction to proceed as it did, in this: that the statute above cited (Section 2683) requires that, before the board may so act, a notice must be published, fixing the time of hearing of the petition, which notice must be published for two consecutive weeks in two official county papers, which hearing shall be not less than five nor more than ten days after the last publication.

It is apparent from an inspection of the record that this notice was published in two official county papers and in each paper for two consecutive weeks. It is insisted, however, that, notwithstanding this, the notice necessary to give jurisdiction to the board did not comply with this section of the statute because the last publication in the West Liberty Index was not made five days before the date set for hearing. The date set for hearing was August 17, 1925, and the last publication in that paper was on August 13, 1925.

It is provided by Subdivision 23 of Section 63, Code of 1924, as follows:

"In computing time, the first day shall be excluded and the last included, unless the last falls on Sunday," etc.

In determining this question, therefore, the question is whether, under the aforesaid section of the statute, this last publication in the West Liberty Index was in time. We had occasion to construe this section in *McLeland v. Marshall County*, 199 Iowa 1232, and we there held that, in computing time for service of notice, the day of service was to be excluded and the day of the hearing included. Applying that rule to the present case, we find that there were but four days intervening, whereas the statute requires five days. See, also, *Consolidated Ind. Sch. Dist. v. Martin*, 170 Iowa 262.

It must be held, therefore, that this notice did not comply with the requirements of this section of the statute; hence we conclude that the board of supervisors did not acquire jurisdiction. We held, in the case of *Reed v. City of Cedar Rapids*, 137 Iowa 107, that:

"It is well established in this state that proceedings for the special assessment of property must be in strict compliance with the statute, and this court has also held that the notice required by Section 965 of the Code is jurisdictional, and that, unless the same be given as therein provided, the city acquires no jurisdiction to act."

The rule is quite uniform, both in this state and in other states, that, where jurisdiction is obtained by notice of publication, the statute providing therefor must be strictly pursued. *Broghill v. Lash*, 3 G. Greene 357; *Smith v. Smith*, 4 G. Greene 266; *Lot Two v. Swetland*, 4 G. Greene 465; *Tunis v. Withrow*, 10 Iowa 305; *Schaller & Son v. Marker*, 136 Iowa 575; *Empire Real Estate & Mtg. Co. v. Beechley*, 137 Iowa 7; *Manion v. Brady*, 158 Iowa 306; *Estrem v. Town of Slater*, 181 Iowa 920; *Carr v. King & Tomlinson*, 184 Iowa 734.

In the instant case, this statute was not strictly pursued, in that the hearing was not held five days after the last publication. While it is true that this publication was short but one day, if we should hold that immaterial, we would be forced eventually to say that, if the last day of publication was the day before the hearing, it would be sufficient. We cannot do this, and we conclude, therefore, that the board of supervisors was without jurisdiction to take the action it did in this case.

II. This brings us to the second question argued: that there can be no action on the part of the secretary of agriculture towards making Muscatine County an accredited area until the county has been first enrolled under the County Area Eradication Plan.

Section 2694, Code of 1924, provides:

"Whenever seventy-five per cent of the owners of breeding cattle in any county operating under the county area plan, shall have signed agreements with the department of agriculture, the department shall enroll the county under the accredited area

1154

plan and notify the board of supervisors of such county accordingly.''

It is insisted by the appellants that the fact that Muscatine County was enrolled under the county area plan is a prerequisite to the authority of the secretary of agriculture to enroll the county under the accredited area plan. Appellees say that this section has been fully complied with because the county had been operating under the county area plan before the matter was taken up with the secretary of agriculture to have the county enrolled under the accredited area plan. With this contention we cannot agree. We are of the opinion that the county must be first properly enrolled under a legal proceeding under the county area plan, before the secretary of agriculture has any power to enroll it under the accredited area plan. While it is true that Muscatine County was operating under the county area plan, we think this statute means that it must be legally so operating under a legally authorized proceeding and enrollment; and, it having been found that the action of the board in enrolling Muscatine County under the county area plan was wholly void, therefore its operation under that plan is not such as is required by the above quoted section of the statute. In other words, it must be a legal operation, under a legal proceeding, and that did not exist in this case. We hold, therefore, that, where the county has not been properly enrolled by the proper proceedings under the county area plan, the secretary of agriculture has no jurisdiction, and can acquire no jurisdiction, to enroll the county under the accredited area plan.

III. It is insisted, however, on behalf of appellees, that appellants have waived any irregularities in the proceedings before the board of supervisors, and are barred and estopped from setting up such irregularities in this suit. This contention would have much merit if the matters about which complaint is made were ''irregularities.'' Want of jurisdiction has never been classed as an ''irregularity.'' Further than this, there is nothing from which a waiver or estoppel could arise in this case. Neither plaintiffs nor anyone else filed objections before the board of supervisors, and, so far as the record shows, they did nothing thereafter which would be considered as a waiver or

estoppel. When the matter came before the secretary of agriculture, they resisted the proceedings then instituted; and while it is true that some of the sections of this statute were carried out, tests made, and money expended by the county, the plaintiffs had nothing to do in the matter, and did no affirmative act on their part which induced the county to do these things. We are unable to find anything in the record which would more or less warrant us in sustaining appellees' contention of waiver or estoppel.

Under this situation, the necessary result is that the ruling of the district court is erroneous. He should have sustained the contention of plaintiffs, and granted the injunctive relief prayed. For the errors pointed out, the case is—*Reversed.*

STEVENS, C. J., and DE GRAFF, MORLING, and WAGNER, JJ., concur.