In re ESTATE OF LuRENE LAMM.

ROSALIA L. McANDREWS et al., appellants, v. MAXWELL KRAUSE et al., appellees.

No. 48556.

(Reported in 67 N.W.2d 613)

December 14, 1954.

Cutting & Cutting, of Decorah, for appellants.

Miller & Pearson, of Decorah, for appellees.

Garfield, C.J.—This case furnishes persuasive proof that attorneys at times can act without delay.

Rosalia L. McAndrews and Anne L. Haagensen, two of decedent's three sisters and heirs, have appealed to us from a probate order made March 9, 1954, admitting to probate the will of LuRene Lamm, deceased. Appellants contend the probate court was without jurisdiction to make the order. We will state the pertinent facts as briefly as we can.

February 12, 1954, at 6:45 p.m., LuRene Lamm, a single person, resident of Winneshiek County, Iowa, died in Rochester, Minnesota. Soon after eight o'clock the next morning appellants' attorneys presented to the clerk of the Winneshiek County District Court a verified petition asking appellants' appointment as administratrices. The petition alleged decedent died intestate and the value of her estate undiminished by debts did not exceed $10,000. The clerk made an order of appointment as prayed. Appellants filed their bond in the penal sum of $10,000 signed only by themselves and their written oath for the faithful discharge of their duties. A notice of their appointment was

prepared and filed but never published in any manner. Letters of administration were executed by the clerk but never delivered.

At this stage complications developed. Maxwell Krause, son of Minnie Krause, the third sister and heir of LuRene Lamm, through his attorneys, also on February 13 filed a motion for continuance asking that further action in connection with appellants' appointment as administratrices be discontinued on the ground decedent left a will naming Maxwell principal beneficiary. On the same day the court, by Judge Antes, apparently ex parte, sustained this motion and directed the clerk not to deliver letters of administration to appellants until permitted by later court order.

Maxwell Krause then filed his verified petition for probate of will together with the will, dated February 5, 1954, leaving all property to him except for legacies totaling $9100 and nominating him executor. The clerk made an order fixing March 5 as the day for proving the will and directing notice thereof be published February 15th and 22d in the Decorah Public Opinion, a newspaper. Maxwell's attorneys next filed a petition to set aside appellants' appointment as administratrices on the grounds the will had been filed for probate and appellants had not qualified by filing proper bond. The court, Judge Antes, evidently ex parte, made an order setting aside appellants' appointment as administratrices on the grounds stated in the petition.

Maxwell Krause also filed a petition for appointment as special administrator for decedent's estate of Julian Moe, alleged to have been guardian of decedent's property at her death. The court, Judge Antes, made an ex parte order appointing Moe special administrator with bond of $25,000. All the matters above related took place on February 13, a Saturday. February 15 Moe filed his bond for $25,000 with corporate surety and letters of special administration issued to him.

February 18 appellants filed in this court their petition for writ of certiorari naming as defendant the District Court of Winneshiek County, W. H. Antes, Judge, reciting the matters above set out, alleging all orders subsequent to appellants' appointment as administratrices were void as without jurisdiction because they had no notice thereof or opportunity to be heard, and asking that said orders be annulled and all proceedings in

the estate be stayed until the matter be heard. February 18 the petition in certiorari was presented to one of the justices of this court who set it for hearing on March 8, when this court met for its March period, and "ordered that no proceedings be had in the settlement of the estate of LuRene Lamm, deceased, pending such hearing", upon the filing of a bond for $1000. Appellants filed such bond and on February 19 our clerk sent the clerk of the Winneshiek County District Court a copy of the order for hearing containing the provision for stay just quoted.

Appellees, Maxwell Krause and Julian Moe, resisted the petition in certiorari. March 8 it was heard by the entire court and denied. The chief justice made an order denying the petition and reciting "the force of the stay orders granted by one of the justices is hereby terminated." Appellees' counsel learned of this order by telephone from our clerk, evidently on the evening of March 8. The next morning, before Judge Antes, they took the testimony of two of the five witnesses to the will as to its due execution. At 9:55 a.m. the judge admitted the will to probate and appointed appellees as executors upon their filing a bond of $150,000. Such bond was filed together with appellees' oath of office as executors.

March 11 a copy of our order of March 8 denying the petition in certiorari and terminating the stay order, certified by our clerk, was filed in the District Court of Winneshiek County. Two days later, on March 13, a procedendo from our clerk was filed in the same Winneshiek County court. The present appeal is from the order of March 9 admitting the will to probate and naming appellees executors. It is bottomed on the claim the court was without jurisdiction to enter the order.

It is first argued the court lacked jurisdiction to admit the will to probate on March 9 because, appellants say, there was then no valid notice of the hearing for proof of the will since the second of the two publications of such notice was on February 22, while the stay order made by a member of this court was in effect. Section 633.20, Code, 1954, in substance requires notice of the time fixed for proving a will by publication for three weeks or in such manner as the court, judge or clerk may prescribe. As stated, here the clerk prescribed two publications—

on February 15th and 22d—and both were made. No illegality is claimed as to the first publication.

As before explained, the stay order provided "that no proceedings be had in the settlement of the estate * * * pending such hearing" on the petition for a writ of certiorari. Publication of notice of the time set for proof of the will seems to be part of the "proceedings" in settlement of the estate within the larger meaning of the quoted word.

 Like many other courts we have said "proceedings" in its general sense means all the steps or measures adopted in the prosecution or defense of an action. We have also approved the statement, " 'The word is generally applicable to any step taken by a suitor to obtain the interposition or action of a court.' " Bankers Trust Co. v. Scott, 215 Iowa 1107, 1112, 246 N.W. 836, 838, and citations, where we also say, " * * * an injunction to restrain proceedings pending in any court necessarily does stop all * * * further steps to be taken therein."

 We have held the term "proceeding" in what is now section 622.4, Code, 1954, the dead man statute, is extensive enough in its scope to include the operation of that judicial machinery to accomplish the probate of a will. Blakely v. Cabelka, 207 Iowa 959, 967, 221 N.W. 451. A similar rule is applied to a grand jury investigation as well as to probate of a will in Koenck v. Cooney, 244 Iowa 153, 156, 55 N.W.2d 269, 271.

International Paper Co. v. Commonwealth, 232 Mass. 7, 10, 11, 121 N.E. 510, 511, says of the word "proceedings", "It comprehends every step from the filing of the petition until the final determination of the controversy. It includes the issuance and service of process by which the Commonwealth is to be summoned into court."

34 Words and Phrases, Perm. Ed., pages 89 et seq. and cumulative pocket part, cite numerous decisions defining "proceedings" substantially as in the Iowa cases, supra, especially Bankers Trust Co. v. Scott. See also 1 Am. Jur., Actions, section 4; 1 C. J. S., Actions, section 1h(1)(a), which says that in its general acceptance "proceeding" means "the form and manner of conducting judicial business before a court or judicial officer" and in a more particular sense means "any application to a court * * * for aid in the enforcement of rights * * *." The

C. J. S. citation, supra, at pages 955, 956, states "proceeding" has been held to apply to the issuance and service of process.

The rule as to the operation and effect of an order staying proceedings is that it ends all progress and prevents the taking of any further steps in the action during the continuance of the stay. 1 C. J. S., Actions, section 137.

We conclude the second of the two publications of notice of time set for proof of the will was in violation of the stay order made February 18 and no valid publication of such notice was had. The giving of a valid notice as required by Code section 633.20 is a jurisdictional requisite to a valid order of probate. The first of the two publications prescribed by the clerk's order of February 13 was insufficient to invoke the court's jurisdiction to admit the will to probate on March 9. The order appealed from is therefore invalid and should be reversed.

We are cited to no precedent directly in point and have found none. In re Estate of Kempthorne, 188 Iowa 70, 91, 175 N.W. 857, 865, says: "The notice of the presentation of the will for probate, which was given, and the other proceedings had at that hearing, gave the court jurisdiction to determine the validity of the will."

Where jurisdiction is invoked by published notice we, like courts generally, have always been quite strict in requiring compliance with all essential provisions of law in connection therewith. Lack of such compliance deprives the court, or other body before whom the proceedings are had, of jurisdiction to proceed. See for example Phelps v. Thornburg, 206 Iowa 1150, 221 N.W. 835, where only four days, rather than the five required by law, intervened between the last publication in one of two newspapers of notice and a hearing before a board of supervisors—publication in the other newspaper was entirely regular; Estrem v. Town of Slater, 181 Iowa 920, 165 N.W. 263, where publication of notice was an insufficient time previous to the succeeding term of court; Manion v. Brady, 158 Iowa 306, 138 N.W. 558, holding the record must show compliance with statutory requirements as to published notice and parol testimony thereof is inadmissible; Empire Real Estate & Mortgage Co. v. Beechley, 137 Iowa 7, 114 N.W. 556, 126 Am. St. Rep. 248, where

affidavit of publication of notice was sworn to before plaintiff as notary public.

See also Farmer v. Ames-Farmer Canning Co., 190 Iowa 1259, 1262, 179 N.W. 105; Schaller & Son v. Marker, 136 Iowa 575, 114 N.W. 43; 72 C. J. S., Process, sections 55, 70; 49 C. J. S., Judgments, section 24h; 42 Am. Jur., Process, section 66. We think these authorities have at least some application here.

 Admission of a will to probate is not a mere interlocutory order but an appealable one. In re Estate of Huston, 238 Iowa 297, 305, 27 N.W.2d 26, 31. In effect it is a judgment in rem. In re Estate of Price, 230 Iowa 1228, 1234, 300 N.W. 542, 545; 57 Am. Jur., Wills, section 932.

Appellees argue and the trial court concluded (as indicated in its order overruling appellants' petition to set aside probate of will) the stay order meant only that no further court orders could be made pending the hearing before us on March 8. No authority is cited to support such a narrow construction of the stay order and it is contrary to the usual meaning accorded language like that of the order. Appellees do not contend the stay order was invalid. They admit no court order could legally have been made between February 18 and March 8. As to the validity of the stay order see Wehrman v. Moore, 177 Iowa 542, 547–549, 159 N.W. 218; Staples v. Hobbs (Evans, J.), 145 Iowa 114, 120, 121, 123 N.W. 935; Manning v. Poling (Ladd, C.J.), 114 Iowa 20, 26, 27, 83 N.W. 895; annotation 133 A. L. R. 1105.

What we have said is determinative of the appeal and it is unnecessary to decide other propositions urged by appellants.

Appellees' motion to dismiss the appeal, ordered submitted with the appeal, is overruled.—Reversed.

BLISS, OLIVER, WENNERSTRUM, MULRONEY, HAYS, THOMPSON, and LARSON, JJ., concur.