Geraldine K. HANNA, Appellee,

v.

STATE of Iowa LIQUOR CONTROL COM-
MISSION and Walter E. Edelsen, Chair-
man, Homer Adcock, and Carl G. Sinning,
Appellants.

No. 53960.

Supreme Court of Iowa.

Sept. 2, 1970.

Richard C. Turner, Atty. Gen., G. Douglas Essy, Asst. Atty. Gen., for appellants.

Ted V. Ruffin and Larry G. Gutz, Cedar Rapids, for appellee.

STUART, Justice.

The Linn County District Court sustained petitioner's "Motion for Judgment" on her petition for writ of certiorari on the ground that the question of the commission's authority to suspend petitioner's liquor license became moot after the City of Cedar Rapids issued her a license for the next year with the commission's approval. The Iowa Liquor Control Commission appealed from this ruling.

On February 27, 1968, the Iowa Liquor Control Commission, after due notice and hearing, suspended petitioner's liquor license for a period of six months ending August 1, 1968. The suspension was the result of the alleged sale of two bottles of liquor to two state agents by petitioner's husband-employee in violation of section 125.7, Code of Iowa. Petitioner claimed the act occurred without her knowledge and against her wishes and express direction. A criminal charge against her was dismissed by the municipal court. A petition for writ of certiorari was filed seeking a determination of the commission's au-

thority to suspend a liquor license without a showing that the license holder had knowledge of and consented to the illegal sale. The Linn County District Court stayed the order suspending the license.

A hearing on the petition for a writ of certiorari was held May 15, 1969. About June 12, 1969, before the trial court had decided the issues raised by certiorari, petitioner filed a "Motion for Judgment" stating in part:

"That the date of the period of suspension as ordered by the [commission] has now passed, and insofar as a new license has issued, the question of the commission's authority to suspend any license has now become moot, and the commission is now without any authority to act on a former suspension of a previously held license * * *."

The commission filed no resistance to the motion and the trial court sustained it. This appeal followed.

I. Petitioner claims the trial court correctly sustained her motion for judgment because the commission did not resist it. Cases cited in support of this contention hold that questions not properly raised and preserved in the trial court cannot be raised for the first time on appeal. They are not in point.

Petitioner did not specify under which rule of civil procedure her motion was made. We have treated it as a motion for summary judgment. R.C.P. 237. Under this rule, the trial court considers the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" in determining whether there is a "genuine issue as to any material fact" and whether the moving party is entitled to a judgment as a matter of law.

A resistance is not required, but the parties are bound by the record before the trial court at the time of the submission of the motion. If the ruling constitutes a

final judgment, as in this case, the aggrieved party may appeal on that record.

II. The issue before us is whether the question of the commission's authority to suspend a liquor license becomes moot (1) after the period of suspension stated in the suspension order has passed, or (2) the commission has approved of the issuance of a license for the coming year while the suspension has been stayed by order of court pending its decision on the petition for writ of certiorari.

■ The fact that the date for the termination of the suspension had passed is of no importance. The order necessarily stated the time the license was to be suspended. The stay order made the dates specified ineffective. If the trial court should determine in the certiorari action that the commission acted properly, it can fix the dates on which the six months suspension should start and end.

"The trial court took the view that the appeal from the orders of the board suspended the orders, and therefore the specific dates on which the orders were to be effective could be fixed by the court, which was done. This we think was correct. The naming of the specific dates by the board was predicated upon compliance with the orders, which were suspended by the appeal; and therefore unless the court had the power it exercised, the orders would have been ineffective, since it would have been impossible to have enforced them or to have punished appellants for violating them, during their suspension on appeal." Lackey, et al. v. State Board of Barber Examiners (1938, Tex.Civ.App.), 113 S.W. 2d 968, 969.

Appellee also argues "the new license issued by appellant was in fact, a completely original and independent permit to sell beer and intoxicants, having no relation whatever to the license under consideration herein and was not in fact a 'renewal' at all".

■ We cannot accept this argument as a basis for holding the mere passage of time while the suspension was stayed makes the commission's order unenforceable. A stay order does not affect the merits of the controversy and is to maintain the status quo until a determination can be made on the merits. It is intended only to delay the enforcement of the action stayed, not render it ineffective. In Re Lamm's Estate (1954), 246 Iowa 300, 305, 67 N.W.2d 613, 615; 1 Am.Jur.2d Actions, § 92; 1 C.J.S. Actions § 137.

■ A court presented with an application for a stay order should not be required to prejudge a reasonably meritorious controversy. If we accept appellee's position, the court would be confronted with an incongruous situation. The granting of the stay order might allow a violator to escape punishment and the refusal to grant a stay order might subject an innocent party to undeserved punishment. If the status quo is to be truly preserved, the license holder must be permitted to continue her business until the merits of her petition for writ of certiorari have been determined, without depriving the commission of its right to impose punishment if the writ is annulled.

■ The fact that the commission approved a new license for petitioner does not estop it from enforcing the suspension previously imposed when freed from the stay order. The commission would have been violating the stay order if it refused to approve the new license on the basis of its previous ruling still subject to review. Petitioner would have had a just complaint had it done so.

We reverse the trial court's order sustaining petitioner's motion for judgment and remand the case for a ruling on the merits of the certiorari matter which has been submitted to the trial court.

Reversed and remanded.

All Justices concur.