## Charles N. Smith v. Jesse W. Reed.

*Landlord and tenant: Certiorari: Forcible entry and detainer act.* This court will not entertain jurisdiction to review, upon a common-law *certiorari*, proceedings by a landlord, under the forcible entry and detainer act, to recover possession from a tenant holding over.

*Heard January 4. Decided January 5.*

*Certiorari* to circuit court commissioner for Wayne county. Motion to dismiss the writ of *certiorari* as improvidently issued.

*Browse T. Prentis, George H. Prentis* and *Alfred Russell,* for the motion.

*Otto Kirchner, contra.*

Per Curiam.

This was a common-law *certiorari* to bring up to this court the proceedings before a circuit court commissioner upon a complaint by Reed against Smith, under the statute giving a summary remedy to landlords for the recovery of possession from a tenant holding over. Judgment of restitution was rendered against Smith, and it is the proceedings in this case which are sought to be here reviewed.

A motion is made by Reed, the complainant below, to dismiss the *certiorari* as improvidently issued. The statutes give two specific remedies to the defendant below for the review of such proceedings: *First,* by appeal to the circuit court; and *second,* by the *statute of 1869, p. 10,* a *certiorari* to remove the cause to the same court. Both these remedies are adequate and complete, but both would have required the defendant below to have executed a bond to complainant with surety to secure accruing rent, etc.; and we can see no other possible reason for resorting to the common-law *certiorari,* but to avoid giving this bond. While we do

not say that this court might not have the *power* in its discretion under special circumstances to review the case upon a common-law *certiorari*, it is clearly not bound to do so. And we think it would be ·an abuse of judicial discretion to entertain the jurisdiction for any such purpose. See *Farrell v. Taylor, 12 Mich., 113.*

The motion must therefore be granted.