JOHN PETERSON v. GEORGE R. FOWLER.

*Certiorari—Justices of the peace—Special appeal—Costs—Replevin —Affidavit for writ—Description of property—Omission of justice's signature to jurat.*

1. *Certiorari* is not an improper writ by which to review the judgment of the circuit court overruling a *special* appeal from justice's court for alleged jurisdictional defects.

2. Property is sufficiently described in a writ of replevin as "a lot of hard wood; all the furniture and carpets in the hotel building recently occupied by me, and formerly owned by Sidsell Johnson and George R. Fowler as copartners; and all the utensils in barn on said premises." [1]

3. A defendant in replevin who alleges title in himself to the property described in the writ cannot be misled as to the property intended to be described.

4. The value stated in an affidavit for a writ of replevin in justice's court is presumptively the real value of the property until shown to be erroneous in subsequent proceedings. *Henderson v. Desborough*, 28 Mich. 170; *Carew v. Matthews*, 41 Id. 579.

5. A *special* appeal brings up only questions of law relating to the *jurisdiction* to proceed before the justice, which have been passed upon by him when properly brought to his attention; and, if the objections have in any manner been waived, the circuit court cannot entertain them. *Manhard v. Schott*, 37 Mich. 234; *Maxwell v. Deens*, 46 Id. 37. [2]

6. By pleading over, and going to trial upon the *merits*, the defendant waives the objections raised by his demurrer.

7. A justice of the peace who has omitted to attach his signature to the jurat to an affidavit in replevin signed and sworn to before

———————————————————————————

[1] See *Proper v. Conkling*, 67 Mich. 244, where a description of "one sewing-machine and one pool-table" was held sufficient.

[2] See *Pistorius v. Swarthout*, 67 Mich. 186 (head-note 2), holding that pleading issuably and going to trial is such a waiver.

him may do so when the objection is raised during the after proceedings in the case.[1]

8. The question of costs in an appeal case is within the discretion of the circuit court, and the allowance of taxable costs, including an attorney fee of $20, on the reduction of a judgment in favor of a plaintiff in replevin from $70 to $48, will not warrant interference by this Court.

*Certiorari* to Manistee.  (Judkins, J.)   Argued June 28, 1889.   Decided July 11, 1889.

*Certiorari* to review the judgment of the circuit court of Manistee county overruling a special appeal.   Judgment affirmed.   The facts, and points of counsel *passed* upon by the Court, are stated in the opinion.

*S. W. Fowler*, for defendant, and plaintiff in *certiorari*.

*P. W. Niskern*, for plaintiff, and defendant in *certiorari*.

SHERWOOD, C. J.   The plaintiff sued the defendant in an action of replevin, before a justice of the peace in the county of Manistee, to recover possession of over 300 different articles described in the affidavit and writ in the case, and in the former alleged to be of the value of $75, and not over $100, and in the affidavit the plaintiff claims that he has sustained $50 damages by the unlawful detention of the goods.

The writ was made returnable the fifth day of October, 1888, at 10 o'clock in the forenoon.   It was served personally upon the defendant on the twenty-ninth day of September, and by taking a portion of the property, the rest not being found.   On the return-day the parties were before the court at the proper time, and the defendant appeared specially, and moved to quash the writ and dismiss the case, on the grounds that the affidavit contained no signature of the officer taking

---

[1] See *Bloomingdale v. Chittenden*, 75 Mich. 305 (head-note 1), holding that the absence of the signature of the affiant to an affidavit in which he is thus described, and to which the usual jurat, signed by the justice, is attached, will not invalidate the affidavit.

the same, and that the property mentioned in both affidavit and writ was not sufficiently described. The objection was overruled by the justice, he having first attached his name to the jurat, and having neglected to do so at the time the plaintiff made oath to and subscribed it.

The cause was then adjourned without pleadings until the twentieth of October, and was afterwards adjourned from time to time until the twenty-eighth day of November, the plaintiff's declaration having been previously filed. The defendant appeared and demurred to the declaration, which was also overruled by the court; the pleadings on the part of the defendant consisting of the general issue, with notice that the property taken on the writ was that of the defendant, and not that of plaintiff. The cause was then adjourned from time to time, by consent of the parties, until the third day of January, 1889, when it was tried by the justice, who, after taking time to make his decision, rendered a judgment on the sixth day of January, 1889, that the defendant did unlawfully detain the plaintiff's property, and assessed the damages for detention at $25, and the value of the goods not found at $45, and gave costs against the defendant to the amount of $10.

From this judgment defendant took a special appeal to the circuit court, which was argued before the circuit judge, and overruled. The grounds for the special appeal were the same as those urged before the justice on the motion to quash.

The cause was then tried in the circuit court upon its merits, and the jury rendered a verdict in favor of plaintiff, assessing his damages for the unlawful detention of the plaintiff's property mentioned and taken upon the writ at the sum of six cents, and for the detention of the other property not taken upon the writ at the sum of $47, that being the value thereof; and the plaintiff had judgment also for his costs, to be taxed, including an attorney fee of $20.

The defendant removed the case into this Court by *cer-*

*tiorari*, and alleges the following as reasons why the judgment should be reversed:

"1. That the affidavit, amended after the return of the writ, was void, and gave the court no jurisdiction.

"2. That the description of the property, as 'one lot of hard wood' etc., was insufficient.

"3. That the justice in giving judgment for $70, and $10 costs, when more than two-thirds of the property was replevied, and the whole property claimed was worth only $75, was guilty of wanton outrage upon justice and decency.

"4. That the circuit court erred in overruling the special appeal.

"5. That the circuit court erred in giving costs and $20 attorney fee against the appellant, when the judgment was reduced from $70 to $48. The appellant should recover costs in any event. But we submit that the whole proceedings were without jurisdiction, and should be quashed."

*Certiorari* was not an improper writ by which to remove the case into this Court. *Smith v. Reed*, 24 Mich. 240; *Withington v. Southworth*, 26 Id. 381; *Adams v. Abram*, 38 Id. 302.

The property was sufficiently described, both in the affidavit and the writ, as it gave the place where it would be found when a more definite description was needed.[1]

Defendant also, in his plea, cannot be misled as to the property intended, as he alleges title thereto in himself under his notice. *Sexton v. McDowd*, 30 Mich. 148; *Farwell v. Fox*, 18 Id. 166; *Kelso v. Saxton*, 40 Id. 666.

There is no testimony given in the record. We have nothing before us, therefore, by which we can determine the value of the property, and, if we had, it would not be our privilege to do so where a jury has been called upon to ascertain and assess it, and it has been submitted to them. The value stated in the affidavit is presumptively correct. *Carew*

---

[1] After describing a large number of articles *specifically*, the following *general* description appears: "A lot of hard wood; all the furniture and carpets in the hotel building recently occupied by me, and formerly owned by Sidsell Johnson and George R. Fowler as copartners; and all the utensils in barn on said premises."

*v. Matthews,* 41 Mich. 579 (2 N. W. Rep. 831). The judgment of the justice of the peace is not before us for review.

The special appeal brings before the circuit court only questions of law relating in some way to the jurisdiction to proceed before the justice, and which have been passed upon by him when properly brought to his attention; and, if the objections have in any manner been waived, the circuit court cannot entertain them. *Maxwell v. Deens,* 46 Mich. 37 (8 N. W. Rep. 562); *Manhard v. Schott,* 37 Id. 234.

The question made upon the demurrer we cannot pass upon. When the defendant pleaded over, and went to trial upon the merits, it was waived, and cannot now be considered.

No valid objection could be made to the justice attaching his signature to the jurat at any time after the plaintiff had made, signed, and sworn to the affidavit before him. To hold otherwise would be a mere technicality, which in many cases might be destructive of the rights of a party to his property. This the law will not allow, but a technicality may be resorted to to save property rights to a party, either at law or in equity.

The question of costs was within the discretionary power of the circuit judge to grant or withhold, and there is nothing in this case warranting interference by this Court.

We find no error in the case reviewable in this Court, and the judgment must be affirmed, with costs.

CHAMPLIN, MORSE, and LONG, JJ., concurred.