## McFADDEN *v.* BRADY.

1. TAX SALES—VALIDITY—WANT OF REPORT.

A tax sale is rendered void by the failure of the county treasurer to file a report thereof in the office of the county clerk, as required by section 70 of the tax law of 1893.

2. SAME—PRESUMPTIONS.

The provision of section 99 of the tax law, that no tax, or sale for any tax, shall be rendered invalid by showing that any record, statement, certificate, affidavit, paper, or return cannot be found in the proper office, and, unless the contrary is affirmatively shown, the presumption shall be that such record was made, and such certificate, statement, affidavit, paper, or return was duly made and filed, does not apply to the report of sale required to be filed with the county clerk by the county treasurer.

3. SAME—BILL TO QUIET TITLE—DEFENSES—ATTEMPTED PAYMENT.

A tax deed cannot be shown to be invalid, on a bill to quiet title by one claiming thereunder, on the ground that the owner attempted to pay the taxes, and was prevented through no fault of his own. *Kneeland* v. *Wood*, 117 Mich. 174, followed.

4. SAME—PROOF OF PUBLICATION—SUFFICIENCY.

An affidavit showing the publication of a copy of the auditor general's petition in a tax proceeding, and of the order of hearing thereon, for "four successive weeks prior" to the day fixed for the hearing, is insufficient to prove a publication for "four successive weeks *next* prior" to such day, as

required by section 66 of the tax law, where the order was dated 70 days before the day fixed for the hearing.

5. SAME—JURISDICTION—PAROL EVIDENCE.

  Under the provision of said section that proof of the publication of such petition and order shall be filed in the office of the county clerk before any final order is made, the filing of such proof is prerequisite to the jurisdiction of the court to enter a decree of sale, and any deficiency therein cannot be supplied by parol.

Appeal from Baraga; Haire, J., presiding. Submitted January 6, 1899. Decided July 11, 1899.

Bill by Charles W. McFadden against Thomas Brady and others to quiet title. From a decree dismissing the bill, complainant appeals. Affirmed.

*Chadbourne & Rees*, for complainant.

*E. J. Mapes*, for defendants.

MONTGOMERY, J. Bill to quiet title. Complainant claims under tax deeds based on the sale of 1893 for taxes of 1891, and on the sale of 1894 for taxes of 1892. Defendants own the government title. The case was heard in open court, and the bill of complaint dismissed. The case is brought here on appeal.

1. The tax deed of 1893, for taxes of 1891, was held void for the reason that no report of sale was filed in the office of the county clerk, as required by section 70 of the tax law (Act No. 206, Pub. Acts 1893). This holding is supported by *Millard* v. *Truax*, 99 Mich. 157, and *Jenkinson* v. *Auditor General*, 104 Mich. 34. It is insisted, however, that the court was in error in finding as a fact that no report of sale was filed. The evidence upon this point was that no report was found in the files of the case in the circuit court in chancery. Complainant cites section 99 of the tax law, which provides, "No tax, or sale of property for any tax, shall be rendered or held invalid by showing that any record, statement, certificate,

affidavit, paper, or return cannot be found in the proper office, and, unless the contrary is affirmatively shown, the presumption shall be that such record was made, and such certificate, statement, affidavit, paper, or return was duly made and filed," and contends that, under this section, the absence of the report is no evidence that such a report was not in fact made. This contention cannot be sustained. We think the purpose of reversing the presumption as to records of judicial proceedings is not manifested by these provisions. It will be observed that the report of sale is not specifically mentioned, but the papers mentioned are certificate, affidavit, paper, and return,—such papers as are usual in proceedings preceding the decree. We held in *Benedict* v. *Auditor General*, 104 Mich. 269, that this provision did not apply to the affidavit of publication in the proceeding to adjudicate the tax delinquent. The case is analogous.

2. As to the deed of 1894, for taxes of 1892, the court held the deed invalid, on the ground that the owner had attempted to pay the taxes, and had been prevented through no fault of his own. Complainant contends that this proceeding is not a proper one in which to try this question. We think the contention should be allowed. See *Kneeland* v. *Wood*, 117 Mich. 174.

3. The defendants further contend that, as to the tax of 1892, the proceedings taken in 1894 are invalid, for want of a sufficient affidavit of publication; and, as this point was distinctly made in the court below, we are bound to consider it. The affidavit was as follows:

"State of Michigan, } ss.
     County of Baraga.  }

"Sylvester Kinney, being duly sworn, deposes and says that he is the publisher of the L'Anse Sentinel, a newspaper published at L'Anse, in the county of Baraga and State of Michigan, and circulating in said county; that he is familiar with the facts herein set forth; and that the order and petition, of which the annexed printed advertisement is a true copy, was duly published in said newspaper once a week for four successive weeks (five publica-

tions) prior to the 2d day of October, A. D. 1894." (Duly sworn to.)

Section 66 of the statute requires publication for four consecutive weeks next prior to the time fixed for hearing. We think it entirely clear that this proof was insufficient. The order which was published was dated 70 days before the day fixed for the hearing. Certainly any four weeks within the two dates would have answered the description given in the affidavit.

An attempt was made to show by parol testimony in this case that the notice was duly published. The statute (section 66) provides that "proof of the publication of the order and petition herein required shall be filed in the office of the county clerk before any final order is made." This clearly manifests a purpose to make the filing of proof of publication a prerequisite to the entry of a decree, and, when the court acted without this evidence of authority, the order was without jurisdiction.

Decree will be affirmed.

The other Justices concurred.