LA FROMBOISE *v.* PORTER.

1. NOTARIES—DISQUALIFICATION—BENEFIT FROM ACT.
   Nature of interest which will disqualify notary depends on circumstances and does not rest in general rule of law; important consideration being whether he would take direct benefit from his act.

2. SAME—INDIRECT AND REMOTE BENEFIT INSUFFICIENT TO DISQUALIFY—INTEREST.
   In determining whether notary is disqualified by interest, courts will not search for indirect and remote benefits to work disqualification; especially where rights of third parties intervene.

3. SAME—AFFIDAVITS—JUDICIAL ACT—MINISTERIAL ACT.
   In taking and certifying acknowledgment, notary performs *quasi-*judicial act, while in administering oath he does ministerial act.

4. SAME.
   Analogy of notaries public to judicial officers, drawn by courts in considering disqualification, does not apply to their ministerial acts.

5. Same—Affidavits—Ministerial Acts—Interest.

> When not disqualified by statute and not party to suit, judicial officer, such as notary, may perform ministerial acts in proceeding in which he has interest.

6. Same—Tax Sales—Affidavit of Publication—Disqualification of Notary.

> Publisher of newspaper in which notice of tax sale was published was not disqualified by interest from acting as notary to affidavit of publication sworn to by his foreman; especially in absence of showing that affidavit of publication was required by auditor general as evidence upon which he would pay for said publication; and also in view of doubt whether said requirement, if it existed, could affect validity of court procedure and integrity of decrees (1 Comp. Laws 1929, § 3458).

> Potter, J., dissenting.

Appeal from Isabella; Hart (Ray), J. Submitted October 21, 1932. (Docket No. 186, Calendar No. 36,854.) Decided January 3, 1933.

Bill by Paul La Fromboise and another against G. M. Porter, Trustee, and Oramel B. Fuller, Auditor General, to set aside a tax sale. Decree for defendants. Plaintiffs appeal. Affirmed.

*F. H. Dodds* and *Virgil W. McClintic,* for plaintiffs.

*A. W. Penny,* for defendant Porter.

*Paul W. Voorhies,* Attorney General, and *Hugh E. Wilson,* Assistant Attorney General, for the Auditor General.

Potter, J. (*dissenting*). Plaintiffs were the owners of lands in Isabella county assessed for taxes. Such taxes were not paid but returned delinquent, and plaintiffs' land sold by the auditor general for the nonpayment of such taxes to defendant Porter

as trustee.  Deed was executed to Porter, trustee, by the auditor general.  Plaintiffs filed a bill to set aside the tax sale on the ground of want of jurisdiction.  The notice of tax sale was published in a newspaper in Isabella county.  The foreman of the newspaper made an affidavit of publication which was sworn to before the owner and publisher of the newspaper in which the same was published.  This affidavit is said to be insufficient and the sale void for want of jurisdiction.  There is no doubt the foreman of a newspaper under 1 Comp. Laws 1929, § 3458, was qualified to make an affidavit of publication if he was familiar with the facts.  The important question is whether such affidavit may be legally sworn to before the owner and publisher of a newspaper publishing the notice and who receives pay therefor.  The statute permitting the sale of lands for delinquent taxes is a statutory remedy which may result in depriving the owner of his land, and all the statutory requirements of jurisdiction must affirmatively appear.  Such statutes are to be strictly construed and literally followed.  *McFadden v. Brady,* 120 Mich. 699.  No one has a right to act officially in any case where his personal interest may be opposed to his official duty.  An affidavit of publication may not be sworn to before one who has a personal interest in receiving pay for such publication from the State.

"The general rule is that a notary cannot certify to or act in a matter in which he has a personal interest."  46 C. J. p. 518.

Acknowledgments may not be taken "by a person financially or beneficially interested in the transaction."  1 C. J. p. 802.

"The intention of the law is, the certificate of acknowledgment shall be the official act of a dis-

interested officer." *Ogden Bldg. & Loan Ass'n* v. *Mensch,* 196 Ill. 554 (63 N. E. 1049, 89 Am. St. Rep. 330).

"Several of the more recent decisions, and which seem to us to have entered into a deeper consideration of the question, maintain the rule upon the broad ground of public policy, in the absence of any statutory declaration on the subject; and whether the act be ministerial or judicial is regarded as immaterial or at least unnecessary to a decision of the question." *First National Bank of Sheridan* v. *Citizens' State Bank,* 11 Wyo. 32 (70 Pac. 726, 100 Am. St. Rep. 925).

The instrument involved was proof of publication. The publisher was interested in making this. proof of publication. He was interested in procuring his money for such publication. He was the one who made the publication, and the person who was to receive pay therefor, and who had a financial interest in the proof of publication. That is what he got his pay for. He ought not to have acted as a notary in a matter in which he was financially interested. We ought not to fritter away the fundamental and important safeguards to the purity of judicial administration as trifles.

It is conceded that, if the affidavit was improper, the court acquired no jurisdiction. *Empire Real Estate & Mortgage Co.* v. *Beechley,* 137 Iowa, 7 (114 N. W. 556, 126 Am. St. Rep. 248) ; *Smalley* v. *Bodinus,* 120 Mich. 363 (77 Am. St. Rep. 602). We think the affidavit was insufficient and the proceedings void for want of jurisdiction.

Decree should be reversed, without costs.

FEAD, J. With the modification that costs cannot be taxed against either party, 1 Comp. Laws 1929, § 3540, I think the decree should be affirmed.

The remaining question is whether an affidavit of publication of a tax petition, taken before the publisher of the newspaper in which the petition was published, he acting as notary public, is void for his interest; the publisher not being a party to the tax proceeding.

Counsel conceded that if the notary was disqualified for interest, the court acquired no jurisdiction to enter the tax decree.

The nature of the interest which will disqualify a notary depends upon circumstances and does not rest in general rule of law. 46 C. J. p. 518; 2 C. J. p. 329; 20 R. C. L. p. 334; John's American Notaries (3d Ed.), §§ 21, 99. An important consideration is whether he would take direct benefit from his act. The courts will not search for indirect and remote benefits to work disqualification, especially where the rights of third parties intervene. *Havemeyer* v. *Dahn,* 48 Neb. 536 (67 N. W. 489, 58 Am. St. Rep. 706, 33 L. R. A. 332, and note); *Cook* v. *Foster,* 96 Mich. 610.

It has been said that in taking and certifying an acknowledgment a notary performs a *quasi*-judicial act, while in administering an oath he does a ministerial act. John's American Notaries (3d Ed.), § 99; *Bowden* v. *Parrish,* 86 Va. 67 (9 S. E. 616, 19 Am. St. Rep. 873); *Horbach* v. *Tyrrell,* 48 Neb. 514 (67 N. W. 485, 37 L. R. A. 434). The analogy of notaries public to judicial officers, drawn by courts in considering disqualification, does not apply to their ministerial acts. When not disqualified by statute and not a party to the suit, a judicial officer may perform ministerial acts in a proceeding in which he has an interest. *McFarlane* v. *Clark,* 39 Mich. 44 (33 Am. Rep. 346); 33 C. J. p. 1022.

The claim here is that the affidavit of publication was part of the operation by which the notary could

collect his fees for publication. 1 Comp. Laws 1929, § 3458, provides:

"Any person familiar with the facts may make an affidavit as to the publication required. The auditor general shall not pay for any such publication until satisfied that it has been made according to law."

The affidavit of publication could be connected with payment of publishing fees only in case the auditor general should make it the evidence upon which he would pay. The record does not show such requirement. Nor are we now prepared to hold that such departmental regulation, if it existed, could affect the validity of court procedure and the integrity of decrees.

McDonald, C. J., and Clark, Sharpe, North, Wiest, and Butzel, JJ., concurred with Fead, J.