## WOJCINSKI *v.* STATE BOARD OF CANVASSERS.

1. ELECTIONS—SUFFICIENCY OF NOMINATING PETITIONS—DISCRETION OF OFFICERS—SUPREME COURT.

   The Supreme Court does not substitute its discretion for the administrative discretion vested by statute in the State board of canvassers as to the determination of the sufficiency or insufficiency of nominating petitions for office of circuit judge (CLS 1954, § 168.552, as amended by ·PA 1956, No 125).

2. OFFICERS—RIGHT TO SEEK OFFICE.

   The right to seek public office is basic to the proper operation of our democratic form of government and the denial of such a right should not rest upon rebuttal testimony of an indefinite or vague character.

3. MANDAMUS—NOMINATING PETITIONS—SUFFICIENCY—EVIDENCE.

   Mandamus is ordered to issue to compel State board of canvassers to revoke its determination of insufficiency of plaintiff's nominating petitions as a nonpartisan candidate for the office of circuit judge, to make an official declaration of their sufficiency and to require the secretary of State to certify plaintiff's name to proper .county as a nonpartisan candidate for the office of circuit judge, where testimony taken on reference does not refute plaintiff's testimony that petitions containing a sufficient number of names were timely filed (CLS 1954, § 168.552, as amended by PA 1956, No 125).

Original petition by Robert J. Wojcinski for writ of mandamus directing the State Board of Canvassers to determine his nominating petitions sufficient and directing James M. Hare, Secretary of State,

REFERENCES FOR POINTS IN HEADNOTES

[1] 18 Am Jur, Elections §§ 120, 254.
[2] 42 Am Jur, Public Officers § 37 *et seq.*
[3] 18 Am Jur, Elections § 179.

to certify him as a candidate for circuit judge for the third judicial circuit. Referred to Ingham County Circuit Court for taking of testimony, finding of fact and recommendation, where hearing was had before Coash (Louis E.), J. Submitted January 22, 1957. (Calendar No. 47,128.) Writ granted January 22, 1957. Opinion filed February 28, 1957.

*Edward P. Echlin,* for plaintiff.

*Thomas J. Kavanagh,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *James R. Ramsey,* Assistant Attorney General, for defendants.

KELLY, J. On January 17, 1957, plaintiff, Robert J. Wojcinski, a practicing attorney in Michigan for 35 years, filed his petition praying that this Court issue a writ of mandamus directing the State board of canvassers to annul and revoke its "determination of insufficiency" in regard to plaintiff's nominating petitions as a nonpartisan candidate for the office of circuit judge for the third judicial circuit for the State of Michigan.

In said petition plaintiff stated that he filed with the defendants nominating petitions containing 12,-680 signatures; the same being 1,630 in excess of the number of signatures required by law, and that defendants concluded that said petitions were insufficient, claiming that there were only 12,390 signatures filed and that because 1,387 of same were doubtful or invalid plaintiff's petitions were short 47 signatures of the minimum number required.

After a hearing held before this Court, attended by attorneys for plaintiff and defendants (at which hearing it was admitted that after a further recheck the 47 signatures claimed short had been reduced to 37), an order to show cause was granted and upon return thereto an order of reference was entered

referring the matter to the circuit court for the county of Ingham for the purpose of taking testimony.

On January 21, 1957, the Hon. Louis E. Coash, judge of the Ingham county circuit court, conducted said hearing and full and ample opportunity was afforded to both plaintiff and defendants to offer proof and cross-examine in regard to the matters in issue.

Judge Coash made his report to this Court with a transcript of all testimony taken at said hearing and, also, his finding. In the finding he stated:

"This court listened to the several witnesses for about 5 hours and I cannot find where anyone who testified is in any way withholding information or is not entirely truthful in their statements. These petitions were left in Mr. Montgomery's office for several days, some of them were taken to Detroit and were handled by many people before the defendants ever made a count of the number of petitions or the number of signatures. I believe from the testimony that an honest mistake could have been made by some of the employees who handled these petitions and that some of them could have been either lost or mislaid. I believe the plaintiff, Mr. Wojcinski, was perfectly honest in his statement that he filed 12,680 names and after throwing out the 1,404 he would still have sufficient petitions to equal or go above the 11,050 necessary to have his name placed on the ballot.

"If I had this matter before me and would have to make a final finding I would grant the plaintiff's petition and order the defendants to certify plaintiff as a valid candidate for Wayne county circuit judge."

Plaintiff and his witness Sirica both testified that they had checked the petitions before same were filed and that said check disclosed 614 full petitions of 20 names each or a total of 12,280 names, and that

there were some partially filled petitions containing 400 names for a total of 12,680 names. The proofs offered by defendants on the hearing before the circuit judge did not refute the plaintiff's proofs as to the number of names on the petitions when filed.

Defendants' testimony established that on the day plaintiff filed his petitions (December 31, 1956) a large number of petitions of other candidates were filed, creating a very crowded condition in defendants' office and requiring the storing of petitions on tables, chairs, et cetera, in the office; that defendants did not count the number of names on plaintiff's petitions at the time of filing, at which time defendants gave plaintiff a receipt showing approximately 13,000 names were filed; that plaintiff's petitions remained in defendants' office for several days without being examined, during which time said petitions were not locked up in a vault or any container for safekeeping; that there is a door leading from the defendants' office to the Secretary of State's office which is not locked and a door leading from defendants' office to the hall which is kept locked with keys in the possession of janitors and watchmen; that after making an examination of plaintiff's petitions 4,006 signatures were sent to Detroit for rechecking and that same were carried to Detroit in a suitcase with signatures contained on other petitions besides those of plaintiff; that no check of the total number of names contained on plaintiff's petitions was made between the date of filing (December 31, 1956) and the date of the filing of this petition for writ of mandamus (January 17, 1957).

This case represents the first interpretation by this Court of CLS 1954, § 168.552 (Stat Ann 1956 Rev § 6.1552), as amended by PA 1956, No 125. The pertinent portion of the statute provides:

"Upon the receipt of said nomination petitions, said board shall canvass the same to ascertain if such petitions have been signed by the requisite number of qualified and registered electors, and for the purpose of determining the validity thereof may cause any doubtful signatures to be checked against the registration records by the clerk of any political subdivision in which said petitions were circulated for properly determining the authenticity of such signatures. * * * Said board may hold hearings upon any complaints filed or for any purpose deemed necessary by said board to conduct investigations of said petitions, and to conduct said hearings said board shall have the power to issue subpoenas and to administer oaths. Said board may also adjourn from time to time awaiting receipt of returns from investigations that are being made or for other necessary purposes but shall complete said canvass at least 5 weeks prior to the primary election at which candidates are to be nominated.

"An official declaration of the sufficiency or insufficiency of any such nomination petition shall be made by the said board at least 5 weeks prior to the primary election at which candidates are to be nominated. * * * Any person, having filed a nomination petition with the secretary of State, feeling himself aggrieved by any determination made by said board, may have such determination reviewed by mandamus, certiorari, or other appropriate remedy in the Supreme Court."

On the issue of the sufficiency or insufficiency of petitions as filed, we do not substitute our discretion for the administrative discretion vested by statute in the board of canvassers under the above cited act.

The right to seek public office is, however, basic to the proper operation of our democratic form of government. Where there is affirmative proof, as here, of the filing of sufficient petitions to qualify for the ballot, denial of such a right should not rest

under this statute upon rebuttal testimony of an indefinite or vague character.

In the current instance plaintiff testified to the filing of several hundred more signatures (on incompleted sheets of petitions) than the secretary of State subsequently found on hand. The testimony offered by defendants denies possession of these disputed sheets, but does not deny that they were filed nor that they might have been lost. Defendants admit no count of either sheets or signatures was made by them until after the filing of this suit.

It would have been simple enough for the secretary of State to have counted each of the petition sheets submitted, in the presence of the person filing, and issued a duplicate receipt therefor in order to eliminate any such question of alleged loss of sheets as is currently before us.

We agree with the conclusion reached in the finding of the circuit judge. Under this total record it appears to this Court that denial to plaintiff of a right to have his name carried on the ballot would be an abuse of discretion. Plaintiff is entitled to a writ of mandamus directed to the State board of canvassers requiring it to annul and revoke its "determination of insufficiency" and directing said board to make an official declaration of the sufficiency of the nominating petitions filed by plaintiff, and to James M. Hare, secretary of State, requiring him to certify to the board of election commissioners of Wayne county the name and post-office address of plaintiff as a nonpartisan candidate for the office of circuit judge for said third judicial circuit of the State of Michigan.

Dethmers, C. J., and Sharpe, Smith, Edwards, Voelker, Carr, and Black, JJ., concurred.