KEYES v. SECRETARY OF STATE.

1. ELECTIONS—NOMINATING PETITIONS—CIRCULATION—STATUTES.

Nominating petitions for office of lieutenant governor were properly rejected by State canvassing board, where they failed to show in which township or city they were circulated, where they were circulated in more than 1 township or in a township and adjoining city, or where the jurats thereto made reference to a nonexistent city or township, since they did not comply with the pertinent statute specifically setting forth a petition must indicate the city or township, and county, in which circulated, and providing that it not be circulated in more than 1 city or township (CLS 1956, § 168.544).

REFERENCES FOR POINTS IN HEADNOTES

[1, 5–7, 9] 18 Am Jur, Elections § 120.
[2, 3] 18 Am Jur, Elections § 122.
    Nonregistration as affecting one's qualification as signer of nominating petition. 100 ALR 1310.
[4] 18 Am Jur, Elections §§ 119, 120.
[8] 39 Am Jur, Notary Public § 17.
[10] 18 Am Jur, Elections § 130.

2. SAME—NOMINATING PETITIONS—SIGNATURES OF UNREGISTERED PERSONS.

Rejection of signatures on nominating petitions of persons who were not qualified and registered voters of city within which such petitions were circulated was proper, the statutory provision that "all signers to said petition shall be qualified and registered electors in said city or township," being mandatory (CLS 1956, § 168.544).

3. SAME—NOMINATING PETITIONS—SIGNATURES—EVIDENCE.

Proofs presented in mandamus proceeding to compel certification of plaintiff's name as candidate for lieutenant governor *held*, to indicate that none of 3 ostensible circulators of questioned petitions was registered as a qualified elector at the address given, hence, such petitions were not entitled to consideration by State canvassing board (CLS 1956, § 168.544).

4. SAME—NOMINATING PETITIONS—LIEUTENANT GOVERNOR.

Plaintiff was not entitled to certification as candidate for lieutenant governor, where valid nominating petitions were insufficient to permit certification and State canvassing board acted properly in rejecting others that had been filed (CLS 1956, § 168.544).

5. SAME—NOMINATING PETITIONS—NOTARY PUBLIC—SIGNATURE.

The failure of the notary to affix her signature to her stamp upon plaintiff's nominating petitions for lieutenant governor would not, in and of itself, justify rejection of the petitions, had the facts been as indicated by her testimony, notwithstanding preferable practice requires the signature of the notary (CLS 1956, § 168.544).

6. SAME—NOMINATING PETITIONS—SIGNATURES—EVIDENCE.

Proofs offered by defendant secretary of State and State canvassing board that parties handling plaintiff's nominating petitions for office of lieutenant governor had not proceeded in accordance with the statute, in that several names had been written by the same person according to a handwriting expert, may not be disregarded (CLS 1956, § 168.544).

7. SAME—NOMINATING PETITIONS—NOTARIZATION.

Notarization of plaintiff's nominating petitions for office of lieutenant governor which did not indicate the county of appointment was not fatal to the authenticity of the petitions, where notary testified in court as to what had occurred (CLS 1956, § 168.544).

8. NOTARIES—CERTIFICATE.

A notary public may act in any part of the State as his official acts are not confined to the county where he resides, hence, his certificate would not be fatally defective by reason of the omission of the county of appointment.

9. ELECTIONS—NOMINATING PETITIONS—PLACE OF CIRCULATION.

Nominating petitions for lieutenant governor were properly considered by State canvassing board notwithstanding the heading thereon did not specify a city or township in which the circulation had occurred, where the jurat named a single city or township as the place of circulation and the face of the petition, considered in its entirety, fairly indicated the place of circulation.

10. SAME—NOMINATING PETITIONS FOR STATE OFFICE—AUTHENTICITY OF SIGNATURES—SUBMISSION TO LOCAL CLERKS.

State canvassing board's submission of nominating petitions, filed with it and containing doubtful signatures, to clerks of political subdivisions for determining authenticity of such signatures was proper action, since it was authorized by statute intended to permit discovery and rejection of petitions not complying with the statutory requirements (PA 1954, No 116, § 552, as amended by PA 1958, No 25).

Original petition by Eugene C. Keyes for writ of mandamus directing James M. Hare, Secretary of State, and the Board of State Canvassers to certify him as a candidate for lieutenant governor and to compel acceptance by the board of certain disputed nominating petitions. Referred to Ingham County Circuit Court for taking of testimony and report thereon. Hearings conducted before Coash (Louis E.), J. Submitted July 8, 1960. Writ denied July 14, 1960. (Calendar No. 48,843.) Opinions filed September 15, 1960.

*Richard L. Roberge,* for plaintiff.

*Paul L. Adams,* Attorney General, *Samuel J. Torina,* Solicitor General, and *Russell A. Searl,* Assistant Attorney General, for defendants.

CARR, J.  This proceeding in mandamus was instituted by plaintiff to compel his certification as a candidate for the nomination on the Democratic ticket for the office of lieutenant governor of the State at the primary election held August 2, 1960. The petition for the writ averred that petitions for such nomination had been circulated and filed with the secretary of State, that they were in proper form, that they were signed by a sufficient number of duly qualified and registered electors to require plaintiff's certification, and that such action had been refused without legal justification.  On behalf of defendants objections were filed to the granting of the relief sought, it being the position of the State officials concerned that plaintiff's petitions were not sufficient under statutory provisions pertaining thereto to permit his certification as a candidate for the nomination in question.

It appearing to this Court from the pleadings that questions of fact involving the sufficiency of plaintiff's nominating petitions were involved, and that it would be necessary to take proofs in order to determine the matters in dispute, an order was issued requiring defendants to show cause why the relief sought should not be granted.  Said order further provided, in order that prompt disposition of the matter might be effected, that the objections filed by defendants should stand as the return to the show cause order, with the right to file such amendments thereto as might be deemed necessary. Plaintiff was given permission to file such reply to the return as he desired.

The Court further directed that the issues in the case with reference to the sufficiency of the nominating petitions filed by plaintiff should be referred to the presiding judge of the Ingham county circuit court for the taking of proofs, and reporting thereon.  Accordingly witnesses were produced by the

parties before the Honorable Louis E. Coash, circuit judge, oral testimony was received, and exhibits were also introduced. At the conclusion of the hearing the circuit judge reported to this Court his summary of the proofs, together with a transcript of the testimony that had been taken before him. Following consideration of the undisputed facts set forth in the pleadings, the exhibits attached thereto, and the proofs taken before Judge Coash, this Court concluded that defendants were not in error in determining that plaintiff's petitions were insufficient to allow his certification as a candidate for nomination for the office in question. Accordingly an order was entered denying the application for writ of mandamus and dismissing the petition, it being indicated therein that an opinion would be subsequently filed.

The question before us for consideration is whether certain petitions filed by plaintiff were properly disregarded, wholly or in part, by defendants on the ground that they were not in accordance with statutory provisions relating thereto. The form and substance of such petitions are prescribed by section 544 of the Michigan election law* (CLS 1956, § 168-.544 [Stat Ann 1956 Rev § 6.1544]). In accordance with the form prescribed the caption of each petition must indicate the city or township, and the county, in which it is circulated. It is specifically provided that:

"No one of said petitions, or parts of said petitions, shall be circulated in more than 1 city or township, and all signers to said petition shall be qualified and registered electors in said city or township."

Each petition, in accordance with the prescribed form, must bear the signature of the party circulating it, and his address. Such circulator is further

_____

* PA 1954, No 116, as amended (CLS 1956, § 168.1 *et seq.*, as amended [Stat Ann 1956 Rev and Stat Ann 1959 Cum Supp § 6.1001 *et seq.*]).

required to make oath before a notary public that he is a "qualified and registered elector," that each signature on the petition is the genuine signature of the person purporting to sign, and that to the best knowledge and belief of the circulator each signer was at the time a qualified and registered elector of the city or township designated in the jurat.

It appears from the testimony taken before Judge Coash that a number of petitions were rejected by the canvassing board because of failure to show in what township or city the circulation thereof occurred, and other petitions were rejected because it appeared that they were circulated in more than one township, or in a township and adjoining city. In other instances the caption of the petitions failed to state in what township or city they were circulated, and the jurats thereto made reference to a non-existent city or township. It is clear that these petitions did not comply with the statute, and the board was right in rejecting them.

On a number of petitions filed by plaintiff it was designated that they were circulated in a named city. However, they bore the names of signers who were not registered to vote within said city. In these instances the board rejected all such signatures in the petition, counting, however, the signatures of all qualified and registered electors of said city. Plaintiff's contention that such action was not proper is without merit. The pertinent provision of the statute is mandatory and it was the duty of the defendants to give effect to the legislative intent.

Involved in the controversy are petitions filed by plaintiff containing 1,805 names. Such petitions indicate that they were circulated by 3 persons whose names were affixed as circulators and who ostensibly made oath before a notary public that they were qualified and registered electors. The notary, who undertook to notarize these petitions by stamping

her official seal thereon without signing her name, appeared as a witness before Judge Coash and testified that each named circulator had appeared before her and made oath with reference to the petitions circulated thereby.

The proofs indicate that none of the 3 ostensible circulators was registered as a qualified elector at the address given. As to 2 of them there seems to be no dispute. The address of the third individual in question was checked and the registration list indicated that a person of the same name, with the exception of the first letter of the given name, was registered. For the purpose of establishing identity of the circulator as a registered elector, if such was the fact, an order was issued by this Court directed to said circulator that she appear before Judge Coash to give testimony. An attempt was made to serve the order but the members of the State police who endeavored to do so were informed that the individual had left a few days before for the State of Texas. Thereupon orders were issued for the appearance as witnesses of the other 2 designated circulators of the petitions in question, and of another person who, as it was claimed, had procured them to assist with plaintiff's petitions. Attempts to serve these orders were also fruitless, the officers being informed that 1 of said parties had left for Ohio 2 or 3 days previously, and persons at the address as given for the other named circulator asserting that they knew nothing of any such individual. The other party referred to as being sought as a witness could not be found. To such facts the officers having charge of the service of process testified before the circuit judge.

On behalf of defendants a handwriting expert was produced as a witness on the hearing before Judge Coash. After examining signatures in question, he testified that the names of the 3 apparent circulators

of the petitions referred to were in his opinion written by the same person. He further stated that he had compared the claimed signature of the individual whose name bore close similarity to that of a registered elector with the signature on the registration card and determined that they were not written by the same person. It is regrettable that the witnesses whose attendance was sought could not be produced. Under the testimony the conclusion is fully justified that none of the 3 individuals named as circulators of the petitions bearing 1,805 names was a registered and qualified elector. For that reason the petitions were not entitled to consideration and defendants acted properly in rejecting them. Such finding leads to the conclusion that plaintiff's valid petitions were not sufficient to permit certification.

Had the facts been as indicated by the testimony of the notary public who claimed that she had administered the required oath to the 3 individuals named as circulators of said petitions, and had notarized by affixing her stamp with her name, county, and date of expiration of her commission thereon, failure to affix the signature of the notary would not in and of itself justify rejection of the petitions. *Peterson* v. *Fowler,* 76 Mich 258; *La Fromboise* v. *Porter,* 261 Mich 483, 487. Unquestionably, however, the preferable practice requires the signature of the notary. In the instant case the testimony referred to must yield to the proofs indicating that none of the 3 persons named was a registered and qualified elector and the further showing to the effect that their names were written by the same person. It may be noted further that the handwriting expert checked some of the petitions, limited in number because of lack of time, and found a number of instances in which several names had been written by the same person. While it does not appear that these names had been rejected by the defendants in determining

that the petitions were insufficient because of a lack of the required number of competent signers, it serves to indicate that parties handling plaintiff's petitions did not proceed in accordance with the statute. The proofs offered by defendants' witnesses may not be disregarded. *Wojcinski* v. *State Board of Canvassers*, 347 Mich 573.

The conclusion necessarily follows from the above that plaintiff's petitions were insufficient to comply with the requirements of the statute, and that, in consequence, his certification as a candidate for the nomination in question was properly refused. The order of this Court heretofore entered was in accord with the facts in the case as disclosed by the record before us.

Other questions involving the interpretation of the statute have been raised by counsel, although not determinative of the issues here presented. It appears that 4 petitions were notarized by a notary public of Saginaw county who failed to indicate the county of her appointment. The notary was a witness before Judge Coash and there is no question as to what occurred. The failure to designate the county of appointment, in view of the nature of the office of a notary public, was not fatal to the authenticity of the petitions. In *Sullivan* v. *Hall*, 86 Mich 7, 12, 13 (13 LRA 556), it was pointed out that a notary public is not a county officer, and that:

"While it is very proper that a notary public should sign himself as a notary public in and for the county from which he is appointed, yet his certificate would not be fatally defective if the designation of the county is omitted. He may act in any part of the State, and his official acts are not confined to the county where he resides."

The valid signatures on these petitions should have been counted but the failure to do so does not change the result. Apparently there were 80 names thereon.

In some instances in the present case signatures were credited to plaintiff, although the heading on the petition sheets did not specify a city or township in which the circulation had occurred, if the jurat named a single city or township as the place of circulation. It will be noted that in each such instance the face of the petition considered in its entirety fairly indicated the place of circulation. Under such circumstances we think the holding of the canvassing board was correct, and the petitions were properly considered.

Section 552 of the Michigan election law (CLS 1956, § 168.552, as amended by PA 1958, No 25 [Stat Ann 1959 Cum Supp § 6.1552]), provides that the secretary of State shall report the filing of nominating petitions to a board composed of the members of the board of State canvassers and the attorney general, which board shall canvass the same to ascertain if they have been signed by the requisite number of qualified and registered electors. The statute further provides that the board:

"for the purpose of determining the validity thereof may cause any doubtful signatures to be checked against the registration records by the clerk of any political subdivision in which said petitions were circulated for properly determining the authenticity of such signatures. It shall be the duty of the clerk of any political subdivision to cooperate fully with said board in any request made to said clerks by said board in determining the validity of doubtful signatures by rechecking the same against registration records and said clerk shall make the requested rechecks in an expeditious and proper manner."

It appears that such procedure was followed as to some petitions filed by plaintiff, and in his petition he complained of such action. However, it was au-

thorized by the statute and the purpose of the legislature in the enactment of the language quoted is obvious. The testimony of the handwriting expert before the circuit judge suggests what may occur in the absence of steps taken to discover and reject petitions not complying with statutory requirements. Plaintiff's objection to the procedure followed is unfounded.

The order sustaining the determination of the defendants was properly entered.

DETHMERS, C. J., and SMITH, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred with CARR, J.

BLACK, J. (*concurring*). The supplemental report, submitted by Judge Coash under date of July 13th, dictates a finding that the critical group of petitioner-signatures, sought to be scrutinized by additional testimony as ordered, are not genuine signatures of registered electors and that the jurat of the sheets carrying such signatures is false, in part if not wholly.

The transcripts and reports received here show that plaintiff was continuously represented by counsel in the proceedings conducted by Judge Coash, and that such counsel made no effort to submit proof in opposition to that which is shown in the supplemental report; also that such counsel did not ask for time, reasonable or otherwise, within which to submit further proof tending to show validity of such critical group of signatures or, for that matter, validity of other petitions the board found insufficient.

In these circumstances, there being an insufficient number of petitioner-signatures as found by the statutory board, and there being no proof tending to overcome the statutory determination, I would dismiss the petition for want of showing of clear legal

duty on the part of the defendants to certify plaintiff Keyes as a candidate for nomination.

KELLY, J., did not sit.