MARKOWITZ v. BOARD OF STATE CANVASSERS.

1. ELECTIONS—NOMINATING PETITIONS—SIGNATURES.
    Statutory requirement that nominating petitions state the city
    or township in which circulated and limiting circulation of a
    particular part of the petition to not more than city or town-
    ship *held*, not invalid, arbitrary, or capricious, in view of the
    enormity of the task of determining the authenticity of such
    signatures and the relative lack of hardship to the circulators
    of the petition (CLS 1961, § 168.544).

2. SAME—BOARD OF STATE CANVASSERS—CERTIFICATION OF CANDI-
   DATES
    The board of State canvassers has the duty of refusing to cer-
    tify a candidate for a place on a primary election ballot when
    the candidate has failed to file the required number of qualified
    signatures in the form prescribed by a clear and unambiguous
    statute (CLS 1961, § 168.552, as amended by PA 1963, No 193).

3. SAME—DIRECTORY AND MANDATORY STATUTES.
    Generally, laws designed for the regulation of the right of an
    elector are merely directory, but laws prescribing qualifications
    or conditions are in the main imperative.

4. SAME—NOMINATING PETITIONS—NOTICE OF INSUFFICIENCY.
    Complaint of candidate for office of circuit judge that he had
    not been properly advised of the determination of the board
    of State canvassers as to the insufficiency of his nominating
    petitions *held*, without merit, where he had not requested such
    notice at time of filing the petitions with the secretary of State,
    he was advised in due course without any unreasonable delay,
    and could do nothing to remedy defects after the filing dead-
    line, if in fact the signatures rejected were not qualified signa-
    tures (CLS 1961, § 168.552, as amended by PA 1963, No 193).

5. COSTS—PUBLIC QUESTION—CIRCUIT JUDGE—NOMINATION.
    No costs are allowed in mandamus proceeding to compel board of
    State canvassers to certify plaintiff's name as a nominee for
    office of circuit judge, a public question being involved (CLS
    1961, § 168.544; § 168.552, as amended by PA 1963, No 193).

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 18 Am Jur, Elections §§ 118–123.
[2]    18 Am Jur, Elections § 121.
[3]    50 Am Jur, Statutes § 18.
[5]    14 Am Jur, Costs § 91.

Original proceeding in the Court of Appeals by Seymour Markowitz, petitioner, to mandamus the Board of State Canvassers and James M. Hare, Secretary of State, to certify petitioner as a candidate for circuit court judge. Submitted Division 1 February 9, 1965, at Detroit. (Docket No. 461.) Writ denied February 16, 1965. Opinion filed March 15, 1965.

*Seymour Markowitz (E. Donald Goodman,* of counsel), *in propria persona.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Harry G. Iwasko, Jr.,* Assistant Attorney General, for defendants.

LESINSKI, C. J. Proceeding in mandamus[1] to compel certification of plaintiff as a candidate for the office of circuit court judge of the third judicial circuit, county of Wayne. Board of State canvassers had determined number of valid signatures on nominating petitions filed in the office of the secretary of State was not sufficient to meet statutory requirements.

Of particular concern to this Court is the matter of some 376 signatures of purportedly registered voters on petitions designating them residents of certain cities and municipalities within Wayne county, but these persons did not reside in the city indicated on the jurat of the nominating petitions. The disqualification of these signatures would reduce the number of supporting signatures to less than the statutory requirement for the office.[2]

Plaintiff does not argue that these signatures are those of registered voters living within the municipality set forth in the jurat of the petition, but

---

[1] See GCR 1963, 816.2(2).—REPORTER.

[2] CLS 1961, § 168.413 (Stat Ann 1963 Cum Supp § 6.1413).

rather suggests that the provisions of section 544 of the Michigan election law, CLS 1961, § 168.544 (Stat Ann 1956 Rev § 6.1544) are "invalid, arbitrary, capricious and unconstitutional."

"Sec. 544.   *   *   *   shall have printed thereon a warning against violation of the provisions of this act.   *   *   *   No one of said petitions, or parts of said petitions, shall be circulated in more than 1 city or township, and all signers of said petition shall be qualified and registered electors in said city or township."

The purpose of this legislation and the responsibility of the board of State canvassers is apparent to this Court. The secretary of State reports the filing of nominating petitions to the board of State canvassers which board canvasses the same to ascertain if the signatures are those of registered, qualified electors.[3] To verify validity thereof, any doubtful signatures can be checked against the registration records by the clerk of any political subdivision in which the petitions were circulated to properly determine the authenticity of such signatures. The enormity of this task, if the petitions contain signatures of persons scattered throughout a county or a number of municipalities, is not too difficult to imagine, and the problem readily avoidable by limiting signatures as specified in the statute. This presents no hardship to persons circulating petitions for it is at most an inconvenience. There is no room for an argument that all parties are not properly advised of the limitation, for it falls before the statute itself which requires each petition to set forth on its face that said petition is to be signed only by registered voters living within the city or township spelled out in the heading of the petition.[4]

---

[3] CLS 1961, § 168.552, as amended by PA 1963, No 193 (Stat Ann 1963 Cum Supp § 6.1552).

[4] CLS 1961, § 168.544 (Stat Ann 1956 Rev § 6.1544).

This Court does not find that he has been deprived of any rights, but rather holds that it was the responsibility and duty of the board of State canvassers representing the interests of all voters within the State to refuse to certify a candidate for a place on a primary election ballot, when said candidate has failed to file the required number of qualified signatures in the form prescribed by a clear and unambiguous statute.[5]

For a further elaboration and the most recent holding of our State Supreme Court in this matter, we refer to *Keyes* v. *Secretary of State* (1960), 360 Mich 610 wherein the Court reviewed this statute and held it was the duty of the defendant board of State canvassers to give effect to the legislative intent.

The case before us is to be distinguished from *Wojcinski* v. *State Board of Canvassers* (1957), 347 Mich 573, wherein plaintiff claimed he complied with the statutory requirements. In the matter now under consideration plaintiff chose to disregard the statutory provisions and did so at his peril.

The Court feels it pertinent to discuss the claimed failure of the board of canvassers to act within the time prescribed in section 552 of the statute, CLS 1961, § 168.552, as amended by PA 1963, No 193 (Stat Ann 1963 Cum Supp § 6.1552), which provides that the secretary of State acting on the determination of the board of State canvassers shall certify to the proper boards of election commissioners the names of the candidates whose petitions have been filed *and* meet the requirements of the act. Plaintiff's petitions were defective so the board of canvassers did not fail to certify a qualified candidate. It is untenable that a time lapse of three days would

---

[5] CLS 1961, § 168.552, as amended by PA 1963, No 193 (Stat Ann 1963 Cum Supp § 6.1552).

erase deficiencies on a nominating petition and place a candidate before the electors by "default." We can follow the reasoning in *Manning* v. *Young* (1933), 210 Wis 588 (247 NW 61), wherein the Court states at page 593, "The sole and only purpose of fixing a minimum time within which nomination papers must be filed was to enable the election commissioners to prepare the official primary ballot. To that end, the legislature might prescribe such time as in its judgment seemed reasonable and appropriate. * * * From an early day it has been held that the laws designated for the regulation of the right of the elector are merely directory, while laws prescribing qualifications or conditions are in the main imperative."

Plaintiff's argument that he was not properly advised of the determination of the board of State canvassers as to the sufficiency of his petitions is now without merit as he did not request such notice at the time of filing said petitions with the secretary of State in accord with the statutory provisions set forth in section 552, *supra*. Nevertheless, he was advised in due course without any unreasonable delay. It must be borne in mind that whenever notified he could do nothing to remedy any defects after the filing deadline, if in fact the signatures rejected were not qualified signatures.

Petition dismissed; writ of mandamus denied. No costs, a public question being involved.

J. H. GILLIS and WATTS, JJ., concurred.