ROSEVILLE COMMUNITY SCHOOL DISTRICT v MACOMB
COUNTY CLERK

1. ELECTIONS—RECALL PETITIONS—CAPTIONS—NAME OF CITY—CIRCU-
LATION.

Failure to list a city or township name in the caption of a recall
petition does not render the petition defective if the petition,
considered in its entirety, fairly indicates the place of circula-
tion, and circulation occurred only within the indicated city or
township.

2. ELECTIONS—RECALL PETITIONS—SUBMISSION FOR CERTIFICATION—
GOVERNMENTAL UNIT IN HEADING—SCHOOLS AND SCHOOL DIS-
TRICTS.

Petitions for the recall of a government official must be submitted
to the clerk of the governmental unit appearing in the heading
of the petition, who will then file them with the county clerk;
petitions for the recall of members of a school board should
have been submitted to the school district for certification
rather than the clerk of the city which the school district
served.

Appeal from Macomb, Edward J. Gallagher, J.
Submitted March 8, 1977, at Detroit. (Docket No.
30220.) Decided April 11, 1977.

Complaint by Roseville Community School Dis-
trict against the Macomb County Clerk and Ma-
comb County Election Officer seeking an injunc-
tion to prevent the processing of petitions for the
recall of certain members of the plaintiff's school
board and to prevent a recall election. Interven-
tion as a party defendant by Roseville Interested

REFERENCES FOR POINTS IN HEADNOTES
[1] 26 Am Jur 2d, Elections § 200.
[2] 26 Am Jur 2d, Elections § 187.

Parents. Judgment for plaintiff. Intervening defendants appeal. Affirmed.

*LaBarge, Zatkoff & Dinning, P. C.,* for plaintiff.

*Wilson M. Jackson,* for Roseville Interested Parents.

Before: V. J. BRENNAN, P. J., and J. H. GILLIS and D. C. RILEY, JJ.

PER CURIAM. In April of 1976 petitions were circulated in plaintiff school district seeking the recall of certain members of the school board. In June of 1976 the petitions were submitted to the Roseville city clerk who certified the petitions and filed them with the Macomb County Clerk. Plaintiff school district then commenced an action for injunctive relief against the county officials to prevent the processing of the recall petitions and the calling of a recall election.

Following several hearings and motions, a group known as "Roseville Interested Parents", the appellants in this case, were allowed to intervene. The trial court then found that the recall petitions did not comply with the applicable statutes in that the petitions should have been submitted to the Roseville School District and not the City of Roseville and that the petitions were defective because the headings did not contain within them the name of the city or township where circulated. The trial judge then entered a judgment permanently enjoining the county officials from processing the recall election petitions. Appellants appeal as of right challenging the findings of the trial court.

We first address the issue of whether the petitions were defective due to the failure to list the

city name in the headings. The pertinent statutes provide:

"The petitions for the recall of an officer shall be in the size and print types required by section 544c, shall be printed, shall state clearly the reason or reasons for the recall which reasons may be typewritten, shall contain a certificate of the circulator which may be printed on the reverse side of the petition, and shall be in a form prescribed by the secretary of state." MCLA 168.952; MSA 6.1952.

"The county clerk shall retain blank forms of recall petitions for use by the electors in the county. A person may print his own recall petitions if those petitions comply substantially with the form prescribed by the secretary of state." MCLA 168.952(a); MSA 6.1952(1).

Appellants have provided us with the following heading form prescribed by the secretary of state:

"We the undersigned registered and qualified voters, and residents of the City/Township (strike one) of _____, in the County of _____, State of Michigan, hereby petition for the calling of an election to recall _____ from the office of _____, for the following reason or reasons:"

Appellants contend that the form that was used substantially complies with the form prescribed by the secretary of state. It reads:

"We, the undersigned qualified and registered electors of the Roseville School District in the county of Macomb, state of Michigan, do hereby petition for the election to recall _____ from the office of school board member of the Roseville School District for the following reasons * * * ."

Due to the absence of a factual record we are

unable to say for sure that appellants' form satisfies the substantial compliance requirement of § 952(a) of the "Michigan election law". We do find, however, that the failure to list the city name in the heading does not render the petition defective per se.

In *Keyes v Secretary of State,* 360 Mich 610; 104 NW2d 781 (1960), our Supreme Court indicated that despite a statute requiring the designation of a city or township in the caption of a petition, the failure to so specify was not fatal so long as the city or township was indicated in some manner on the petition; the crucial requirement being that the circulation occurred within a single city or township. The Court stated:

"It appears from the testimony taken before Judge Coash that a number of petitions were rejected by the canvassing board because of failure to show in what township or city the circulation thereof occurred, and other petitions were rejected because it appeared that they were circulated in more than one township, or in a township and adjoining city. In other instances the caption of the petitions failed to state in what township or city they were circulated, and the jurats thereto made reference to a non-existent city or township. It is clear that these petitions did not comply with the statute, and the board was right in rejecting them.

\* \* \*

"In some instances in the present case, signatures were credited to plaintiff, although the heading on the petition sheets did not specify a city or township in which the circulation had occurred, if the jurat named a single city or township as the place of circulation. It will be noted that in each such instance the face of the petition considered in its entirety fairly indicated the place of circulation. Under such circumstances, we think the holding of the canvassing board was correct, and the petitions were properly considered." 360 Mich 610, 615, 619.

Likewise in the present case, if in fact the school district is coterminous with the city, *Keyes* would indicate that the petitions are not fatally defective because the place of circulation (within the city) is fairly indicated.

In the instant case, the trial court found that the petitions did not substantially comply with the statute and thus made no finding as to whether the petitions were circulated within a single city. Additionally, it cannot be determined from the record whether the jurats of the circulated petitions stated that the petitions were circulated only in a single city. Under *Keyes* this would be sufficient to sustain a petition despite the lack of a named city in the heading.

The second issue involves the interpretation of § 961 of the "Michigan election law". The pertinent provisions were amended on April 2, 1976. Prior to April 2, 1976, a petition for recall would be filed with the clerk of the governmental unit which employed the official sought to be recalled. This same clerk would then check the signatures on the petition and conduct the election if the petitions were found to be sufficient. The present statutes provide that all recall petitions are to be filed with the county clerk after they have been submitted to the clerk of the "governmental unit appearing in the heading of the petition". The county clerk then conducts the election.

The question that we must decide is, what is meant by the phrase "governmental unit appearing in the heading of the petition"? Appellants claim that the term "governmental unit" means city or township. It further submits that the 1976 amendments were aimed at segregating the section of government involved in the controversy from the handling of any aspect of the recall

thereby prohibiting the school district from certifying the petitions. Appellee contends that the amendments were enacted to only change the officials who processed the recall elections and that in the present case the petitions should have been submitted to the school district for certification. We reprint the applicable statutes as they presently read and as they previously read:

"Petitions demanding the recall of any elective county commissioner, or township, city, village, or school official shall be filed with the county clerk of the county in which the largest portion of the registered voters in the electoral district reside." MCLA 168.960; MSA 6.1960, as amended.

"Petitions demanding the recall of any elective county, township, city, village or school official shall be filed with the clerk thereof, or, if there is no such officer in such governmental unit, then with the officer whose duties correspond to those of the clerk; petitions demanding the recall of the clerk or corresponding official shall be filed with the chief executive officer of such unit of government, except that in case it is sought to recall the county clerk, the petitions shall be filed with the presiding or senior judge of probate." MCLA 168.960; MSA 6.1960 (now repealed).

"Before a recall petition is filed the petition shall be submitted to the *clerk of the governmental unit appearing in the heading of the petition.* The clerk shall compare the signatures of the petition with the registration records on file in his office and shall within 15 days after receipt of the petition attach to the petition a certificate showing the number of signers on each petition sheet who are registered electors of the governmental unit. The certificate shall be on a form approved by the secretary of state." MCLA 168.961; MSA 6.1961, as amended. (Emphasis supplied.)

"Whenever petitions signed as provided in sections 954, 955 or 956 of this act are filed against any officer, *the official with whom such petitions are filed shall immediately cause the same to be checked* with the

registration lists to ascertain whether the signatures to said petitions are those of registered electors as stated therein and, if the official with whom such petitions are filed is not the custodian of the registration lists, then he shall have access to said lists for the purpose of making such check * * * ." MCLA 168.961; MSA 6.1961 (now repealed). (Emphasis supplied.)

Our job is to try to determine the Legislature's intent in amending the statute. We note that the original § 960 contained similar language as the phrase in question in § 961. In that instance the phrase "governmental unit" referred to the unit involved in the recall petition. We give it the same interpretation and hold that the trial court was correct in finding that the petitions herein involved were submitted to the incorrect party.

If the Legislature had intended that petitions be submitted to the city or township clerk, that language could have easily been employed. Section 958 contains such phraseology:

"A petition sheet shall be circulated only in the *city or township listed in its heading.* For recall of a village officer the petition shall be circulated only in the village and shall be signed by registered electors of the village." MCLA 168.958; MSA 6.1958. (Emphasis supplied.)

Appellants provide us with the answer to the question within the context of their brief. We quote that section of their brief, which supplies the interpretation of the term "governmental unit".

"The Michigan Election Commission specialist, James O. Chapman, attached to his letter of June 21, 1975, the administrative interpretation of Act 66 of the Public

Acts of 1976. In the first page of that memorandum under the heading, "Forms," the statement is made.

" 'The county clerk will not be responsible for maintaining a supply of recall petition blanks. The form of these petitions have been prescribed by the Secretary of State. The Election Division will supply samples of these forms. It will be the responsibility of the county clerk to order the necessary forms for distribution. Two different forms are necessary, one for villages and one for all other governmental units. These include city, township, county commissioner districts and school district.' "

In sum, we find that the Legislature's retention of the phrase "governmental unit" was intentional and that the thrust of the amendment was to change the election procedure, not the certification of petitions. Accordingly, we affirm the trial court in granting the injunction.

No costs, a public question being involved.